H. JOSEPH ESCHER III (No. 85551)
h.joseph.escher@dechert.com
FRANCE JAFFE (No. 217471)
france.jaffe@dechert.com
DECHERT LLP
One Maritime Plaza, Suite 2300
San Francisco, California 94111-3513
Telephone: 415.262.4500
Facsimile: 415.262.4555

Attorneys for Defendants
ADVANTA BANK CORP.
and ADVANTA CORP.

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CV 09 3276 PVT

| | |
|---|---|
| RON STERN and JACK SCALFANI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANTA BANK CORP. a Utah Corporation; ADVANTA CORP., a Delaware Corporation, and DOES 1-20,<br><br>Defendants. | Case No.<br><br>NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1453 |

DECHERT LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Defendants Advanta Bank Corp. and Advanta Corp. ("Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1453, hereby file this Notice of Removal of the action currently pending in the Superior Court of the State of California, County of Santa Clara, and captioned as *Ron Stern and Jack Scalfani, individually and on behalf of all others similarly situated vs. Advanta Bank Corp., Advanta Corp., and Does 1-20*, case number 09-CV-144965, to the United States District Court for the Northern District of California. In support hereof, Defendants state as follows:

1. On June 16, 2009, the Complaint in the above action was filed. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. On or about June 17, 2009, a copy of the Summons and the Complaint in the above action was received by Defendant Advanta Bank Corp. A true and correct copy of the Summons provided to Defendant Advanta Bank Corp. is attached hereto as Exhibit B.

3. On or about June 18, 2009, a copy of the Summons and the Complaint in the above action was received by Defendant Advanta Corp. A true and correct copy of the Summons provided to Defendant Advanta Corp. is attached hereto as Exhibit C.

4. The time for filing an answer to the Complaint has not yet expired.

5. At the time the action was filed, Defendant Advanta Bank Corp. was a corporation duly organized and existing under the laws of Utah with a principal place of business in Utah; Defendant Advanta Corp. was a corporation duly organized and existing under the laws of Delaware with a principal place of business in Pennsylvania. *See* Compl. ¶¶ 14-15.

6. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 4, 119 Stat. 4 (2005)), and it may be removed under 28 U.S.C. § 1453 (a provision added by the Class Action Fairness Act of 2005 section 4). The Class Action Fairness Act of 2005 ("CAFA") provides:

The district courts shall have original jurisdiction of any civil action in

which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
(A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . .

28 U.S.C. § 1332(d)(2).

7. This action meets both requirements of CAFA. First, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Named plaintiff Ron Stern is a citizen of California. *See* Compl. ¶ 12. Named plaintiff Jack Scalfani is also a citizen of California. *Id.* ¶ 13. The remaining members of the putative class are defined as citizens of California. *See id.* ¶ 40. Defendant Advanta Bank Corp. is a citizen of the state of Utah, with its principal place of business in Utah; Defendant Advanta Corp. is a citizen of the state of Delaware, with its principal place of business in Pennsylvania. *Id.* ¶¶ 14-15.

8. Second, although Defendants deny any wrongdoing or damage to the putative class in this matter, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Plaintiffs allege that

> [t]he amount in controversy for each Plaintiff and each of the members of the Plaintiff Class does not exceed the sum or value of $75,000, exclusive of interest and costs. On information and belief, the total matter in controversy in this action does not exceed the sum or value of $5,000,000, exclusive of interest and costs.

Compl. ¶ 10. In their Prayer for Relief, however, Plaintiffs do not limit their recovery to the jurisdictional threshold. Plaintiffs ask the Court to award the class actual damages, restitution pursuant to California Business and Professions Code sections 17200, 17203 and 17535, injunctive relief, and reasonable attorneys' fees, but do not specify an amount in controversy in the Prayer. *See* Compl. (Relief Sought) ¶¶ 2, 4-8. Furthermore, Plaintiffs include attorneys' fees in their definition of "costs," indicating the exclusion of attorneys' fees from the "total matter in controversy" in the Complaint. When it is ambiguous from the face of the complaint whether the requisite amount in controversy is pleaded, Ninth Circuit law provides that the removing defendants must establish the CAFA jurisdictional amount by a preponderance of the evidence; where the complaint

alleges an amount in controversy below $5,000,000, the removing defendants must establish the jurisdictional amount to a legal certainty. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-701 (9th Cir. 2007) (where complaint alleges in "jurisdiction" section that damages are less than jurisdictional amount but fails to allege total dollar amount in controversy in Prayer for Relief, "preponderance of evidence" standard applies rather than "legal certainty" standard); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998-1000 (9th Cir. 2007) (where complaint alleges that amount in controversy is less than $5,000,000, defendant seeking to remove under CAFA must prove with legal certainty that jurisdictional amount is met).

9. The Court should disregard the Complaint's jurisdictional allegations, made on information and belief, because based on the class allegations and the nature of the relief sought, the amount in controversy exceeds $5,000,000 under either the preponderance of the evidence or the legal certainty standard.

10. Plaintiffs define the class as "[a]ll individuals residing in the State of California who entered into a credit card agreement with Advanta Bank Corp. ('Advanta') whereby Advanta promised a fixed rate of interest or APR and later increased the customer's rate of interest or APR in the absence of a prior default under the agreement." *Id.* ¶ 40. While Plaintiffs do not specifically allege the size of the putative class, the Complaint states that the class includes thousands of individuals. *See* Compl. ¶ 3 ("Plaintiffs, along with thousands of others, accepted an offer to open an Advanta credit card based on the material representations made in connection with this offer of credit. Once consumers, like Plaintiffs, were induced to agree . . . Advanta unilaterally modified the terms of the agreement").

11. The class is defined to include fixed rate account holders in California whose rates were increased by Defendants "in the absence of a prior default under the agreement." Compl. ¶ 40. Plaintiffs define a "default" as the failure to make timely minimum payments. *See* Compl. ¶ 4 ("Plaintiffs routinely performed their end of the agreement with Advanta, including consistently making timely payments of, at least, the

minimum payment required"); *id.* ¶ 20 (customers "routinely made timely payments of, at least, their monthly minimum payment and were not otherwise in breach of their agreement with Advanta").

12. While the failure to make timely minimum payments is one of the defined "events of default" listed in their Advanta Business Card Agreement, there are additional "events of default" listed in the Agreement, including incurring over-limit fees. Defendants have reviewed their records and determined that between June 2005 and April 2009, there were 14,643 fixed rate credit card accounts in California for which Defendants increased the APR in the absence of prior delinquencies and in the absence of over-limit fees. *See* Declaration of John Minalga ("Minalga Decl.") ¶ 3. Fixed rate accounts are coded as such in Defendants' customer statement database. *Id.* ¶ 2.

13. Plaintiffs allege that members of the class have been harmed by (1) being subjected to higher interest rates than those promised by Defendants (Compl. ¶ 52); (2) paying off Advanta's cards using other arrangements at rates higher than those promised by Advanta (*id.*); and (3) paying finance charges in excess of the amounts allowed under Advanta's agreements with members of the class (Compl. ¶ 59(a)).

14. Defendants have calculated that the aggregate impact of the increased interest rates on the 14,643 fixed rate California accounts described above is approximately $8,092,099. Minalga Decl. ¶ 3. In order to reach this figure, Defendants calculated the APR differential for each of the fixed rate accounts before and after any re-price, and multiplied that differential by the average daily balance for the account. *Id.* There may be up to a five percent margin of error with this figure given the variables involved in performing these calculations for the entire database. *Id.* The calculation yields the difference in finance charges that these fixed rate accounts experienced after a re-price, one of the types of injuries plaintiffs allege in the Complaint.

15. The impact of any rate increase on any given customer would vary based on a number of factors, including the percentage of the rate increase, the customer's balance at the time of the increase, the type of balance (cash, merchandise or promotional),

1  whether the customer subsequently obtained a lower interest rate, and how long it took the
2  customer to pay off his balance. *Id.* ¶ 4.

3      16.    For example, immediately before Scalfani's rate was increased, he received
4  a 7.99% APR on his $8,036 balance. After his rate increased to 16.99%, he paid off his
5  balance in four months. *Id.* ¶ 5. Scalfani paid a total of $463 in interest after his rate
6  increased, whereas he would have paid a total of $217 if his rate had remained at 7.99%.
7  *Id.* The difference Scalfani paid as a result of the increased APR is $246. *Id.*

8      17.    Stern's APR increased to 21.31% for one month, then decreased to 19.99%
9  for two months before his account was closed to new purchases. *Id.* ¶ 6. During those
10 three months, he paid $761 in interest on a balance ranging between $14,630 and $14,970.
11 If his rate had remained at 7.99%, Stern would have paid $298 in interest over that period,
12 or $463 less. *Id.*

13     18.    Defendants cannot determine the financial impact of "other arrangements"
14 putative class members made at "rates higher than Advanta promised" (Compl. ¶ 52), but
15 that is an additional amount above the approximately $8,092,099 (plus or minus five
16 percent) that plaintiffs would seek to recover on behalf of the class.

17     19.    While the UCL does not expressly provide for recovery of attorneys' fees,
18 prevailing UCL plaintiffs have recovered their attorneys' fees under California Code of
19 Civil Procedure section 1021.5. *See, e.g., Ramos v. Countrywide Home Loans, Inc.*, 82
20 Cal. App. 4th 615, 620 (2000); *Beasley v. Wells Fargo Bank, N.A.*, 235 Cal. App. 3d
21 1407, 1418 (1991), *disapproved in part on other grounds, Olsen v. Auto Club of S. Cal.*,
22 42 Cal 4th 1142, 1153 n.6 (2008). Plaintiffs allege that they are entitled to reasonable
23 attorneys' fees pursuant to section 1021.5 (Compl. ¶¶ 62, 69). Where attorneys' fees are
24 authorized by statute, they are properly included in calculating the amount in controversy
25 under CAFA. *See Lowdermilk*, 479 F.3d at 1000.

26     20.    Defendants deny any wrongdoing or damage to the putative class in this
27 matter. Nevertheless, based on the information described above, the amount in
28

controversy in this case, based on plaintiffs' legal theory and class definition, exceeds $5,000,000 under either the preponderance of the evidence or the legal certainty standard.

21. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), within thirty days of Defendants' receipt of the Complaint.

22. Venue is proper under 28 U.S.C. § 1441(a) because the action has been pending in this district and division. Defendants contemplate filing a motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative to transfer the action pursuant to 28 U.S.C. § 1404(a), based on the existence of a mandatory forum selection clause in plaintiffs' contracts with Defendants which required them to file this lawsuit in state or federal court in Utah.

23. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, Santa Clara County, in which the action has been pending, and will serve such notice upon all adverse parties.

WHEREFORE, Defendants remove this civil action to the United States District Court for the Northern District of California.

Dated: July 17, 2009

Respectfully submitted,

DECHERT LLP
H. JOSEPH ESCHER III
FRANCE JAFFE

By: _____
H. JOSEPH ESCHER III
Attorneys for Defendants
ADVANTA BANK CORP.
and ADVANTA CORP.