1  JAMES C. STURDEVANT (SBN 94551)
   (jsturdevant@sturdevantlaw.com)
2  MONIQUE OLIVIER (SBN 190385)
   (molivier@sturdevantlaw.com)
3  WHITNEY HUSTON (SBN 234863)
   (whuston@sturdevantlaw.com)
4  THE STURDEVANT LAW FIRM
   A Professional Corporation
5  354 Pine Street, Fourth Floor
   San Francisco, CA 94104
6  Telephone:  (415) 477-2410
   Facsimile:  (415) 477-2420
7
   ARTHUR D. LEVY (SBN 95659)
8  (arthur@yesquire)
   Three Embarcadero Center, Ste. 1650
9  San Francisco, CA 94111
   Telephone:  (415) 702-4550
10 Facsimile:  (415) 814-4080

11 Attorneys for Plaintiffs

ENDORSED

2009 JUN 16 A 0: 01

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: _____ Deputy Clerk
L. FUJIHARA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SANTA CLARA
### UNLIMITED JURISDICTION

| | |
|---|---|
| RON STERN and JACK SCALFANI, individually and on behalf of all others similarly situated, | CASE NO.: 109CV144965 |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE AND DECLARATORY RELIEF, BREACH OF CONTRACT AND VIOLATIONS OF THE UNFAIR COMPETITION LAW AND THE FALSE ADVERTISING ACT** |
| ADVANTA BANK CORP., a Utah corporation; ADVANTA CORP., a Delaware corporation, and DOES 1-20, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE AND DECLARATORY RELIEF

# INTRODUCTION

1. Plaintiffs Ron Stern and Jack Scalfani ("Plaintiffs") bring this case as a class action to challenge the unlawful, unfair, and fraudulent practices of Defendants Advanta Bank Corp. and Advanta Corp. (collectively referred to herein as "Advanta"), that force customers to pay higher interest rates and amounts than Advanta promised them. Advanta attempted unilaterally to change the rules of its credit card agreements for thousands of customers without notice and in violation of its customer agreements.

2. Plaintiffs are among tens of thousands of Advanta credit card customers to whom Advanta offered credit cards with a fixed low rate of interest or Annual Percentage Rate ("APR").

3. Plaintiffs, along with thousands of others, accepted an offer to open an Advanta credit card based on the material representations made in connection with this offer of credit. Once consumers, like Plaintiffs, were induced to agree to this offer and had performed the conditions of the agreement, Advanta unilaterally modified the terms of the agreement.

4. Plaintiffs routinely performed their end of the agreement with Advanta, including consistently making timely payments of, at least, the minimum payment required.

5. In or about 2008, Advanta imposed new APRs on Plaintiffs' credit cards, as well as on similarly situated Advanta customers, increasing the promised fixed rate to as high as 29.99%. Upon information and belief, these new terms were not previously disclosed in any form to Advanta's customers and were not the result of any breach of the contract by the customer.

6. Advanta's conduct is without legal justification. Advanta unilaterally, unfairly, and illegally changed the terms of its credit card agreements, increasing their effective interest rates. Advanta increased the interest rates on the credit cards in an attempt to unfairly accelerate repayment of outstanding balances and to increase immediate revenues.

7. As a result, Plaintiffs and similarly-situated Advanta customers have been damaged by, inter alia, having to pay interest and finance charges with interest accrued at higher rates than Advanta promised would govern their credit card accounts.

8. Advanta has failed to fulfill the promises made to its customers and has contravened its representations, including the very representations that induced customers to incur debt, thereby breaching its agreements with customers and violating common and statutory law prohibiting

1

misrepresentation, concealment, and unfair and fraudulent business practices. Plaintiffs, individually and on behalf of all others similarly situated, seek declaratory and injunctive relief to stop Advanta from over charging its customers. Accordingly, Plaintiffs, individually and on behalf of all others similarly situated seek damages, restitution, disgorgement of profits, costs of suit, and attorneys' fees.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action because the unlawful acts and practices alleged herein were committed by Defendants pursuant to California Business and Professions Code § 17200 *et seq.*, California Business and Professions Code § 17500 *et seq.*, and California Code of Civil Procedure § 410.10.

10. The amount in controversy for each Plaintiff and each of the members of the Plaintiff Class does not exceed the sum or value of $75,000, exclusive of interest and costs. On information and belief, the total matter in controversy in this action does not exceed the sum or value of $5,000,000, exclusive of interest and costs.

11. Venue is proper in Santa Clara County because a contract that gave rise to this controversy was made or to be performed, the obligation or liability arose, and the breach occurred in this County, and the unlawful conduct that gives rise to the claims herein occurred within this County, pursuant to California Code of Civil Procedure § 395.5, and California Business and Professions Code §§ 17202 and 17203. Venue is also proper in Santa Clara County because Defendants conduct substantial business activity, including advertising and marketing, throughout this County.

## PARTIES

12. Plaintiff Ron Stern is a natural person and a resident of San Jose, California. He was an Advanta customer starting in or about December 2006.

13. Plaintiff Jack Scalfani is a natural person and a resident of Buena Park, California. He was an Advanta customer starting in or about November 2005.

14. Defendant Advanta Bank Corp. is a Utah corporation, headquartered in Draper, Utah, and a Utah industrial bank, chartered under the laws of the State of Utah. Advanta Bank Corp. is a wholly owned subsidiary of Defendant Advanta Corp.

15. Defendant Advanta Corp., is a Delaware corporation, headquartered in Spring House,

1  Pennsylvania. (Hereafter, Defendants Advanta Bank Corp. and Advanta Corp. will be collectively
2  referred to herein as "Advanta.")
3      16.    Advanta transacts business in Santa Clara County and throughout California by soliciting
4  credit card customers and issuing credit cards.

### FACTUAL ALLEGATIONS

6      17.    In order to induce customers to conduct their credit card business through Advanta,
7  Advanta has offered credit card promotions with low, fixed rates of interest or APRs and no monthly
8  fees.
9      17.    The promotional materials presenting this credit card offer state that the low interest rate
10  would not be increased for borrowers who are not in default.
11      18.    Upon information and belief, many thousands of Advanta credit card customers in
12  California accepted the offer to open a credit card account based on these material representations.
13      19.    Throughout 2008, Advanta unilaterally changed the terms of the credit card agreement
14  for customers who had performed their end of the agreement. With its monthly billing statements, and
15  without prior notice, Advanta included changes to customer's accounts by increasing and/or changing
16  the terms of the APR.
17      20.    On information and belief, these new terms were imposed on Advanta customers who
18  had routinely made timely payments of, at least, their monthly minimum payment and were not
19  otherwise in breach of the agreement with Advanta. Advanta made misrepresentations regarding these
20  changes in the terms of the credit card agreement which were objectively material to the reasonable
21  consumer.
22      21.    As a result of Advanta's conduct, Plaintiffs and other members of the Class have suffered
23  harm, including but not necessarily limited to payment of finance charges and interest rates that were
24  higher than promised by Advanta. Advanta has been substantially and unjustly enriched as a result of
25  this conduct.

### PLAINTIFF RON STERN

27      22.    In or about December 2006, based on Advanta's representations, Plaintiff Ron Stern
28  accepted a promotional offer from Advanta in San Jose, California to open a credit card with a fixed rate

3

COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE AND DECLARATORY RELIEF

1  APR of 7.99%. Stern reasonably relied on Advanta's representation that the APR would be fixed at
2  7.99% and suffered loss of money and property as more specifically alleged below.
3     23.   Plaintiff Stern's credit card agreement with Advanta provides that the APR on purchases
4  will be 7.99% as long as the account remains in good standing.
5     24.   Since he accepted the offer from Advanta, Plaintiff Stern made regular monthly payments
6  at or above the minimum payment required and has never been in default.
7     25.   In or around May 2008, Plaintiff Stern received his monthly billing statement on his
8  Advanta credit card that indicated that the APR was 21.31% on purchases and 31.31% on cash
9  advances.
10    26.   In or around June 2008, Plaintiff Stern received his monthly billing statement on his
11 Advanta credit card that indicated that the APR was 19.99% on purchases and 29.99% on cash
12 advances.
13    27.   In or around July 2008, Plaintiff Stern received his monthly billing statement on his
14 Advanta credit card that indicated that the APR was 19.99% on purchases and 29.99% on cash
15 advances.
16    28.   Plaintiff Stern's billing statements were his first notice of each of these changes in the
17 APR. Plaintiff Stern did not receive any advance notice of any of the changes to the APR.
18    29.   In or about August 2008, Plaintiff Stern complained about the increase in his APR to
19 Advanta and other agencies. After making these complaints, he was told that his account would be
20 closed and that the APR on the outstanding balance from that point forward would be 7.99%. However,
21 Advanta did not adjust the prior interest charges in excess of 7.99%.
22    30.   As a result of these increases and changes in the APR, Plaintiff Stern paid finance
23 charges which are based on the increased APR above 7.99% and suffered other financial damages as
24 will be shown at trial.
25 **PLAINTIFF JACK SCALFANI**
26    31.   In or about November 2005, based on Advanta's representations, Plaintiff Jack Scalfani
27 accepted a promotional offer from Advanta to open a credit card with a fixed rate APR of 7.99%.
28 Scalfani reasonably relied on Advanta's representation that the APR would be fixed at 7.99% and

suffered loss of money and property as more specifically alleged below.

32. Plaintiff Scalfani's credit card agreement with Advanta states, "The APR on Purchases (including Purchase transactions, unpaid Purchase finance charges and Purchase-related fees and charges) and on Balance Transfers (including Balance Transfer transactions, unpaid Balance Transfer finance charges and Balance Transfer-related fees and charges) is 7.99%. . . . Any introductory or promotional rate applicable on your Account remains in effect according to its terms so long as your Account remains open and in good standing."

33. Since he accepted that offer, Plaintiff Scalfani made regular monthly payments at or above the minimum payment required and has never been in default.

34. Between November 2005 and February 2008, Plaintiff Scalfani routinely received monthly billing statements which indicated that the APR on this account was 7.99% for purchases and cash advances.

35. In or about March 2008 through May 2008, Plaintiff Scalfani received his monthly billing statements on his Advanta credit card that indicated that the APR was 16.99% on purchases and cash advances.

36. In or about May 2008, Plaintiff Scalfani contacted Advanta bank regarding the increase in his APR. After complaining that the increase was in violation of his agreement with Advanta, he was told that it would be changed to an 8.99% variable rate APR for purchases and balance transfers and 9.99% for cash transactions. Advanta, however, would not agree to make that 8.99% / 9.99% APR retroactive. Plaintiff Scalfani received written confirmation of this agreement.

37. Plaintiff Scalfani's billing statements were his first indication of these increases and changes in the APR. Plaintiff Scalfani did not receive any advance notice of any of the changes in the APR.

38. As a result of these increases and changes in the APR, Plaintiff Scalfani closed his credit card account with Advanta on May 28, 2008.

39. As a result of these increases and changes in the APR, Plaintiff Scalfani paid finance charges which are based on the increased APR and suffered other financial damages as will be shown at trial.

## CLASS ACTION ALLEGATIONS

40. Pursuant to California Code of Civil Procedure § 382, Plaintiffs Stern and Scalfani bring this action as a class action on behalf of themselves and all others similarly situated as members of a proposed California class. This putative class (hereinafter the "Plaintiff Class") is defined as follows:

> All individuals residing in the State of California who entered into a credit card agreement with Advanta Bank Corp. ("Advanta") whereby Advanta promised a fixed rate of interest or APR and later increased the customer's rate of interest or APR in the absence of a prior default under the agreement.

41. The agreement, promotional materials, advertisements, and disclosure forms used by Advanta for Plaintiffs and the members of the Plaintiff Class were standard form agreements which contained substantially the same information and representations.

42. Plaintiffs are informed and believe and on that basis allege that the Plaintiff Class is so numerous that joinder of the individual claims is impracticable. The precise number of the Plaintiff Class and the identities of the members are ascertainable from the business records of Advanta.

43. Questions of law and fact common to the Plaintiff Class exist and predominate over questions affecting only individual class members. These common legal and factual questions include, but are not limited to:

   (a) Whether Advanta breached its contract with Plaintiffs and members of the Plaintiff Class by increasing and/or changing the APR;

   (b) Whether Advanta's unilateral imposition of material changes in the terms of the credit card agreements are unlawful, unfair, and fraudulent business practices in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL");

   (c) Whether Advanta's misrepresentations and omissions have violated the False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq. ("FAL"); and

   (d) The nature and extent of relief to Plaintiffs and the Plaintiff Class, including declaratory judgment, accounting, injunctive relief, restitution, and other remedies to which Plaintiffs and the other members of the Plaintiff Class are entitled.

44. Plaintiffs' claims are typical of the claims of the Plaintiff Class as the claims arise from the same course of conduct by Advanta and the relief sought is common. Each of the members of the

1 Plaintiff Class entered into an agreement with Advanta and was issued a credit card based on an agreement that is the same or substantially similar to the agreement issued to Plaintiffs. Each of the members of the Plaintiff Class was subject to the same or substantially similar uniform lending practices followed by Advanta. Each of the members of the Plaintiff Class has the same or substantially similar claims to Plaintiffs for relief against these practices. As described above and below, the claims arise from the same course of conduct by Advanta, and the relief sought is common.

45. Plaintiffs are adequate representatives of the Plaintiff Class because: (a) their interests do not conflict with the interests of the individual members of the Plaintiff Class they seek to represent; (b) they have retained counsel who are competent and experienced in complex class action litigation; and (c) they intend to prosecute this action vigorously. The interests of the members of the Plaintiff Class will be fairly and adequately protected by Plaintiffs and their counsel.

46. For class claims alleged under California Code of Civil Procedure § 382, a class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, because the economic damages suffered by the individual class members may be relatively modest, albeit significant, compared to the expense and burden of individual litigation, it would be impracticable for members of the Plaintiff Class to seek redress individually for the wrongful conduct alleged herein. There will be no undue difficulty in the management of this litigation as a class action. Plaintiffs and the Plaintiff Class members' common claims can be economically adjudicated only in a class action proceeding, thus promoting judicial efficiency and avoiding multiple trials and inconsistent judgments.

**FIRST CAUSE OF ACTION**
**(Breach of Contract by Plaintiffs individually**
**and on behalf of the Plaintiff Class Against All Defendants)**

47. Plaintiffs individually, and on behalf of the Plaintiff Class, reallege each and every allegation above as if fully set forth in this Cause of Action.

48. The material terms of Advanta's agreements on credit cards with Plaintiffs and the members of the Plaintiff Class included Advanta's promise of a fixed rate of interest or APR. These terms detailed the offer, acceptance, and consideration necessary for the agreement governing the credit card account.

49. Plaintiffs and all members of the Plaintiff Class have performed all conditions, covenants, and promises required to be performed under their respective agreements with Advanta.

50. Plaintiffs, and members of the Plaintiff Class, have not breached their obligations under the agreement, including consistently making timely payments of at least the minimum payment required.

51. As alleged herein, Advanta breached its contractual promise to provide a fixed rate of interest or APR on credit cards by increasing the fixed rates that Advanta promised.

52. By reason of Advanta's breaches, Plaintiffs and all members of the Plaintiff Class were subjected to higher interest rates than Advanta promised to maintain, paid off their Advanta credit cards using other credit arrangements at higher interest rates than Advanta promised, and have otherwise suffered compensatory damages in an amount to be proven at trial.

53. Advanta directly benefited from, and was unjustly enriched by, its contractual breaches alleged herein.

## SECOND CAUSE OF ACTION
(For Unlawful Business Practices in Violation of Cal. Bus. & Prof. § 17200 *et seq.* by Plaintiffs individually and on behalf of the Plaintiff Class Against All Defendants)

54. Plaintiffs individually, and on behalf of the Plaintiff Class, reallege each and every allegation above as if fully set forth in this Claim.

55. The California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200. The UCL also prohibits any "unfair, deceptive, untrue or misleading advertising." *Id.*

56. Plaintiffs challenge Advanta's unfair practice of making misrepresentations and unilateral changes to its credit card agreements.

57. Advanta has violated the UCL by engaging in the following unlawful conduct:

   (a) Advanta has breached its contracts with Plaintiffs and the Plaintiff Class and violated and continues to violate the False Advertising Law, as alleged herein.

58. Advanta has violated the UCL by engaging in the following fraudulent conduct:

|   |   |
|---|---|
| (a) | Advanta made false representations that a fixed rate of interest or APR would apply to Plaintiffs' and the Plaintiff Class' credit cards. Advanta's false representations that a fixed rate of interest or APR would apply misled, deceived and/or were likely to mislead the general public and recipients of such representations. |

59. Advanta has violated the UCL by engaging in the following unfair conduct:

(a) Advanta unilaterally increased the APR rates, charging interest, minimum payments, and finance charges in excess of the amounts allowed under its agreements with Plaintiffs and the members of the Plaintiff Class.

(b) Advanta failed to provide adequate notice of the increase in the APR.

(c) Advanta materially changed the terms of its agreement with Plaintiffs and the Plaintiff Class and therefore breached its agreements with Plaintiffs and members of the Plaintiff Class.

(d) Advanta systematically breached these form consumer agreements as set alleged above, in violation of 15 U.S.C. section 45(n) and the *Federal Trade Commission Policy Statement on Unfairness*, Letter from Wendell H. Ford & John C. Danforth to Senate members of the Consumer Subcommittee of the U.S. Senate Committee on Commerce, Science, and Transportation (Dec. 17, 1980), appended to *International Harvester Co.*, 104 F.T.C. 949, 1070 (1984).

60. As a result of these violations and unfair business practices, Plaintiffs suffered injury in fact and lost money and property, including but not limited to payments of interest and other charges collected by Advanta. Plaintiffs are entitled to restitution and injunctive relief for themselves and on behalf of the Plaintiff Class.

61. Pursuant to the UCL, Plaintiffs and the Plaintiff Class are entitled to enjoin Advanta's practice of making misrepresentations in their credit card agreements and in making unilateral changes of the terms and conditions of credit card agreements, and to obtain restitution of all funds obtained by Advanta by reason of and through the use of these unlawful, unfair, or fraudulent acts and practices.

62. Pursuant to Code of Civil Procedure § 1021.5, Plaintiffs are entitled to recover their

1 | reasonable attorney's fees, costs, and expenses incurred in bringing this action.

### THIRD CAUSE OF ACTION
(Breach of the False Advertising Act, Cal. Bus. & Prof. § 17500 *et seq.*,
by Plaintiffs Individually and on behalf of the Plaintiff Class Against All Defendants)

63. Plaintiffs individually, and on behalf of the Plaintiff Class, reallege each and every allegation above as if fully set forth in this Claim.

64. Advanta has committed acts of untrue and misleading advertising, as defined in the False Advertising Act, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"), by falsely representing that a fixed rate of interest or APR would apply to Plaintiffs' and the Plaintiff Class members' credit card purchases.

65. Advanta's misrepresentations deceive or are likely to deceive the recipients of such representations regarding the applicable interest rates.

66. Unless restrained by this Court, Advanta will continue to engage in untrue and misleading advertising, as alleged above.

67. As a result of Advanta's untrue and misleading advertising, Plaintiffs have been injured and have lost money or property, and are entitled to restitution and injunctive relief for themselves and on behalf of the Plaintiff Class.

68. Pursuant to the FAL, Plaintiffs and the Plaintiff Class are entitled to enjoin Advanta's practice of making misrepresentations in their credit card agreements and making unilateral changes of the terms and conditions of credit card agreements, and to obtain restitution of all funds obtained by Advanta by reason of and through the use of these untrue and misleading advertising.

69. Pursuant to Code of Civil Procedure § 1021.5, Plaintiffs are entitled to recover their reasonable attorney's fees, costs, and expenses incurred in bringing this action.

### RELIEF SOUGHT

Plaintiffs request the following relief for themselves and on behalf of the Plaintiff Class:

1. That the Court find and issue an order certifying the Plaintiff Class under California Code of Civil Procedure § 382, and appointing Plaintiffs and their counsel to represent the Plaintiff Class;

2. That the Court find and issue a permanent order enjoining Advanta from its improper conduct and practices alleged herein;

3. That the Court find and declare Advanta's acts and practices as described herein to be

unlawful, unfair, and fraudulent;

4. That the Court award Plaintiffs and the Plaintiff Class actual damages in an amount according to proof for Advanta's breaches of its agreements and for its other conduct alleged herein;

5. That Advanta be ordered to make restitution to Plaintiffs and members of the Plaintiff Class pursuant to California Business and Professions Code § 17200;

6. That the Court make such orders as may be necessary to restore to Plaintiffs and members of the Plaintiff Class any money or property which may have been obtained from them by means of Advanta's unlawful, unfair, and fraudulent business practices pursuant to California Business and Professions Code §§ 17203 and 17535;

7. That Plaintiffs and members of the Plaintiff Class be awarded pre-judgment interest on all sums collected;

8. That the Court grant costs of suit, including reasonable attorneys' fees, costs and expenses; and

9. That the Court grant all such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of each and every cause of action so triable.

DATED: June 15, 2009

Respectfully submitted,

THE STURDEVANT LAW FIRM
A Professional Corporation

ARTHUR D. LEVY

By: _____
WHITNEY HUSTON
Attorneys for Plaintiffs

11
COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE AND DECLARATORY RELIEF