1   JAMES C. STURDEVANT (SBN 94551)
    (jsturdevant@sturdevantlaw.com)
2   MONIQUE OLIVIER (SBN 190385)
    (molivier@sturdevantlaw.com)
3   WHITNEY HUSTON (SBN 234863)
    (whuston@sturdevantlaw.com)
4   THE STURDEVANT LAW FIRM
    A Professional Corporation
5   354 Pine Street, Fourth Floor
    San Francisco, CA  94104
6   Telephone:     (415) 477-2410
    Facsimile:      (415) 477-2420
7
    ARTHUR D. LEVY (SBN 95659)
8   (arthur@yesquire.com)
    Three Embarcadero Center, Ste. 1650
9   San Francisco, CA 94111
    Telephone:     (415) 702-4550
10  Facsimile:      (415) 814-4080

11  Attorneys for Plaintiffs

12                UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                   SAN JOSE DIVISION

15

16

17  RON STERN and JACK SCALFANI, individually
    and on behalf of all others similarly situated,        CASE NO.:  09-cv-03276-PVT

18                        Plaintiffs,                       **CLASS ACTION**
    vs.
19                                                          **OPPOSITION TO DEFENDANTS' MOTION
    ADVANTA BANK CORP., a Utah corporation;                TO DISMISS AND STRIKE, OR IN THE
20  ADVANTA CORP., a Delaware corporation,                 ALTERNATIVE, TO TRANSFER TO THE
    and DOES 1-20,                                         DISTRICT OF UTAH**
21
                          Defendants.                      DATE:          September 1, 2009
22                                                         TIME:          10:00 a.m.
                                                           COURTOOM:      5, 4th Floor
23                                                         JUDGE:         Hon. Patricia V. Trumbull
24
                                                           Complaint filed:    June 16, 2009
25

26

27

28

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................1

II.    STATEMENT OF FACTS ......................................................................................3

III.   ARGUMENT ........................................................................................................5

    A.    Advanta Is Not Entitled to Dismissal Because It Has Admitted that
        Venue Is Proper...........................................................................................5

    B.    This Court Should Exercise Its Discretion and Refuse to Transfer
        This Action Under 28 U.S.C. § 1404(a) Because All Factors Weigh
        Heavily In Favor of the California Forum Plaintiffs Chose .....................8

        1.    Advanta Has the Burden of Proving that the Convenience of
            the Parties and Interest of Justice Require Transfer....................8

        2.    The Convenience of the Parties Weighs in Favor of Litigating
            this Case in California....................................................................8

        3.    As the Majority of Witnesses are Based in California, this
            Matter Should be Litigated There.................................................9

        4.    The Interest of Justice Militates that This Case Remain in
            California .....................................................................................11

        5.    Additional Interests Weigh in Favor of California as the
            Forum ..........................................................................................11

    C.    The Forum Selection Clause is Unenforceable and is Therefore Not a
        Valid Basis for Dismissal or Transfer......................................................12

        1.    As Plaintiffs Were Not Given Reasonable Notice of the Forum
            Selection Clause, it is Unenforceable .........................................12

        2.    Advanta's Forum Selection Clause is Unreasonable, and thus
            Unenforceable, Because It Contravenes California Public Policy.........13

            (i)    Because Advanta's Arbitration Clause Purports to Be
                Enforceable at Any Time, This Court Must Consider it............14

            (ii)   Advanta's Adhesion Contract Includes a Class Action
                Ban That Violates California Public Policy................................14

            (iii)  Utah's Statute Validating Class Action Bans is
                Contrary to California Public Policy and Compels this
                Court to Deny Dismissal or Transfer.........................................16

            (iv)  Utah Is a Gravely Difficult and Inconvenient Forum for
                Plaintiffs and the Class...............................................................18

    D.    Plaintiffs Have Standing To Seek Injunctive And Declaratory Relief .............18

IV.   CONCLUSION....................................................................................................20

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Argueta v. Banco Mexicano, S.A.,*
   87 F.3d 320 (9th Cir. 1996) ...................................................................12, 13, 14

*Armstrong v. Davis,*
   275 F.3d 849 (9th Cir. 2001) ...........................................................................18, 19

*Cardonet, Inc. v. IBM Corp.,*
   2007 WL 518909 (N.D. Cal. Feb. 14, 2007) ..................................................18

*Cardoza v. T-Mobile USA Inc.,*
   2009 WL 723843 (N.D. Cal. Mar. 18, 2009)..................................................9

*Chan v. Society Expeditions, Inc.,*
   123 F.3d 1287 (9th Cir. 1997) .........................................................................13

*Commodity Futures Trading Commission v. Savage,*
   611 F.2d 270 (9th Cir. 1979) ...........................................................................8

*Decker Coal Co. v. Commonwealth Edison Co.,*
   805 F.2d 834 (9th Cir. 1986) ...........................................................................9

*Deiro v. American Airlines, Inc.,*
   816 F.2d 1360 (9th Cir. 1987) .........................................................................13

*Dempsey v. Norwegian Cruise Line,*
   972 F.2d 998 (9th Cir. 1992) .......................................................................12, 13

*Doe 1 v. AOL LLC,*
   552 F.3d 1077 (9th Cir. 2009) .................................................................14, 15, 16

*Getz v. Boeing Co.,*
   547 F. Supp. 2d 1080 (N.D. Cal. 2008) .......................................................8, 10

*Holland America Line Inc. v. Wartsila North America, Inc.,*
   485 F.3d 450 (9th Cir. 2007) ...........................................................................12

*Homa v. America Express  Co.,*
   558 F.3d 225 (3d Cir. 2009).............................................................................17

*Italian Colors Restaurant v. America Express,*
   2003 WL 22682482 (N.D. Cal. Nov. 10, 2003) ............................................9

*Johns v. Panera Bread Co.,*
   2008 WL 2811827 (N.D. Cal. Jul. 21, 2008)..................................................9

*Jones v. GNC Franchising, Inc.,*
   211 F.3d 495 (9th Cir. 2000) .......................................................................8, 12

*Kerobo v. Southwestern Clean Fuels, Corp.,*
   285 F.3d 531 (6th Cir. 2002) ...........................................................................6

ii

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ...................................................................................... 18

*Mag Instrument, Inc. v. JS Products, Inc.,*
    595 F. Supp. 2d 1102 (C.D. Cal. 2008) ....................................................... 18

*Murphy v. Schneider National Inc.,*
    362 F.3d 1133 (9th Cir. 2004) ...................................................................... 12

*Nagrampa v. MailCoups, Inc.,*
    469 F.3d 1257 (9th Cir. 2006) ...................................................................... 12

*PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.,*
    138 F.3d 65 (2nd Cir. 1998) ............................................................................ 6

*Polizzi v. Cowles Magazines, Inc.,*
    345 U.S. 663 (1953) ........................................................................................ 6

*Securities Investor Protection Corp. v. Vigman,*
    764 F.2d 1309 (9th Cir. 1985) ........................................................................ 9

*Stewart Organization, Inc. v. Ricoh Corp.,*
    487 U.S. 22 (1988) ............................................................................... 6, 7, 8, 9

*Truth v. Kent School District,*
    542 F.3d 634 (9th Cir. 2008) ........................................................................ 19

*Van Dusen v. Barrack,*
    376 U.S. 612 (1964) ........................................................................................ 8

*Warren v. Fox Family Worldwide, Inc.,*
    328 F.3d 1136 (9th Cir. 2003) ...................................................................... 18

### STATE CASES

*Discover Bank v. Superior Court,*
    36 Cal. 4th 148 (2005) ................................................................ 14, 15, 16, 17

*Fletcher v. Security Pacific National Bank,*
    23 Cal. 3d 442 (1979) ................................................................................... 11

*Gentry v. Superior Court,*
    42 Cal. 4th 443 (2007) ...................................................................... 14, 15, 16

*Murphy v. Check N'Go of Cal., Inc.,*
    156 Cal. App. 4th 138 (2007) ....................................................................... 14

*Nedlloyd Lines B.V. v. Superior Court,*
    3 Cal. 4th 459 (1992) .................................................................................... 17

*Olivera v. El Pollo Loco, Inc.,*
    173 Cal. App. 4th 447 (2009) ....................................................................... 14

# FEDERAL STATUTES AND RULES

28 U.S.C.
      § 1404(a) .......................................................................................2, 5, 6, 7, 8
      § 1406(a) ...............................................................................................................6
      § 1441(a) .........................................................................................................5, 6

Federal Rules of Civil Procedure
      Rule 12(b)(3).........................................................................................2, 6, 7, 12
      Rule 12(b)(6)......................................................................................................12

# STATE STATUTES

Utah Code Ann. § 70C-4-105(1) ...........................................................................16, 17

# I. INTRODUCTION

Advanta is a nationwide credit card company with over 650,000 customers.  Plaintiffs have brought this case on behalf of a California-only class of Advanta customers to recover interest Advanta overcharged when it violated its fixed, "life of the card" rate agreements and hiked up customers' rates well in excess of those rates.  Over 14,600 Californians were affected by this practice, and their combined losses exceed $8,000,000, an average of about $550 per customer.

This Court's decision on this motion will decide whether these Californians have any prospect of recovering this $8,000,000, or whether this ill-gotten gain will simply remain in Advanta's pockets. Advanta's credit card agreement – so densely worded it is hardly legible, much less readable, by an ordinary adult – contains a forum selection clause specifying Utah courts, a Utah choice of law provision, and an arbitration provision with a class action ban.

With this motion, Advanta seeks to transfer the entire case to Utah so that the class action ban will be enforced to defeat the class claims.  If this Court were to grant Advanta's motion and transfer this case to Utah, the Court would sound the death knell of this case because the class action ban will surely be enforced in Utah.  This would leave 14,600 Californians the option of individually litigating or arbitrating a $500 claim.  Because pursuit of these small individual claims is infeasible, transfer to Utah means that Advanta will successfully have cheated its California customers out of several million dollars by artfully structuring its credit card agreement to deny customers of their only effective remedy – a class action.

This result is inconsistent with the strong public policy of California, which has taken an exceedingly dim view of class action bans.  The federal courts have long refused to enforce a forum selection clause if it contravenes a strong public policy of the forum state.  The Ninth Circuit recently applied this rule to invalidate a forum selection clause that would destroy class claims in the transferee forum based on California's anti-waiver jurisprudence.

Where, as here, a class action is the only practicable means of securing recovery for class members, and vindicating the public interest in deterring future similar practices, transfer to Utah through the forum selection clause should not be enforced because to do so would exculpate Advanta from its own unfair and deceptive trade practices.  Advanta's class action ban thus renders its forum

1

1    selection clause unenforceable as a matter of federal law.

2        Advanta improperly seeks dismissal of this case under Federal Rules of Civil Procedure, rule

3    12(b)(3) because it has actually *consented* to this district as the proper venue when it removed this case

4    from state court.  This motion is thus properly reviewed only as a transfer request under 28 U.S.C.

5    § 1404(a), which grants this Court broad discretion to deny transfer.  This Court should exercise its

6    discretion and decline to transfer this case for several reasons.  First, the forum selection clause is

7    invalid and not a valid basis for transfer under section 1404(a).  Second, even if the clause is valid, other

8    factors weigh heavily in favor of maintaining the case in Plaintiffs' choice of forum.  Finally, even if this

9    Court treats this motion as proper under Rule 12(b)(3), Plaintiffs have demonstrated that the forum

10   selection clause is unenforceable and that dismissal is not warranted.

11       Transfer is also inappropriate because this case has strong ties to California and virtually no

12   connection to Utah, where Advanta Bank Corp. ("Advanta Bank") and Advanta Corp. (collectively

13   "Advanta") seek to have it transferred.  Plaintiffs and the entire proposed class of over 14,600

14   individuals reside here and chose California state court as their forum.  On the other hand, Advanta has

15   failed to identify a single material witness from Utah.  Its claim that Utah is a more convenient forum is

16   unsubstantiated by a showing of who the Utah witnesses are, or what they might say at trial.  For all that

17   appears from Advanta's papers, the key Advanta witnesses may be in Pennsylvania or other states, and

18   not in Utah.

19       Regardless of the validity of the forum selection clause, the interests of justice, taken as a whole,

20   require that this case not be transferred to Utah.  Thus, to transfer this case would work a manifest

21   injustice on the Californians whom Advanta overcharged.  Deprived of any prospect of class

22   certification, they would have no effective remedy in the Utah courts.  Springing the class action trap

23   that Advanta artfully laid for its customers would allow Advanta to violate its own agreements with

24   impunity, pocket the gains, and leave its California victims remediless.

25       Advanta seeks to terminate this class action – and therefore any recovery by the Class – by

26   asking the Court to transfer the case to Utah, where Advanta will invoke the arbitration clause and class

27   action ban to deny California residents the opportunity to redress their losses on a class basis.  The

28

2

1   federal jurisprudence of forum selection and venue transfer does not countenance such an

2   unconscionable result.

3   **II.      STATEMENT OF FACTS**

4           Plaintiffs Ron Stern and Jack Scalfani (collectively "Plaintiffs") filed this case in Santa Clara

5   County Superior Court seeking to represent a class of California-only Advanta customers to whom

6   Advanta promised fixed "life of the card" credit card interest rates.  (*See* Compl. ¶¶ 1-69.)[1]  On behalf of

7   these Californians, Plaintiffs intend to seek class certification to challenge Advanta's practice, starting in

8   mid-2008, of violating its life of the card rate commitments by substantially raising its interest rates, by

9   as much as 20 percentage points.  (*Id*.)

10          The Complaint alleges three California causes of action on behalf of California consumers:

11  breach of contract, violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200

12  *et seq.* ("UCL"), and violation of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500

13  *et seq.* (Compl. ¶¶ 9-13, 16, 22-69.)

14          Plaintiff Scalfani's account provides an example of Advanta's practice.  Advanta provided

15  Mr. Scalfani a "fixed rate" 7.99% credit card.  (Compl. ¶¶ 31-32; *see also* Fuller Decl. [Dkt. #8] ¶ 4 &

16  Ex. C.)  For several years, Scalfani routinely made timely and sufficient payments.  (Compl. ¶ 33.)  In

17  March 2008, Plaintiff Advanta increased Plaintiff Scalfani's interest rate on his entire $8,000 balance to

18  16.99%, and subsequently reduced it in June 2008 to 8.99%.  (Compl. ¶¶ 35-36; Declaration of John

19  Minalga in Support of Defs.' Notice of Removal ("Mingala Removal Decl.") [Dkt. #2], filed herein on

20  July 17, 2009, ¶ 5 & Ex. A.)  Plaintiff Stern had a near identical experience with Advanta.  He was

21  provided with an Advanta credit card with a "fixed rate" of 7.99%, upon which he consistently made

22  timely payments at or above the minimum monthly payment.  (Compl. ¶¶ 22-24.)  Advanta then hiked

23  Plaintiff Stern's APR to 21.31%  (Compl. ¶ 25.)

24          The damages suffered by individual class members, while significant, are small.  According to

25  Advanta, Plaintiff Scalfani paid overcharges of $245.51 (Mingala Removal Decl. ¶ 5 (calculated from

26
27  ───────────────
        [1]      The Complaint is attached as Exhibit A to the Notice of Removal Pursuant to
    28 U.S.C. §§ 1332, 1441 and 1453 ("Notice of Removal") [Dkt #1], filed herein on July 17,
    2009.

28

the interest payment information provided)) and Plaintiff Stern paid overcharges of $463.44 (*id*. at ¶ 6 (same)).  On average, each class member paid excessive interest of approximately $550.  (*Id*. at ¶ 3 (calculated from the information provided relating to aggregate financial impact and number of accounts affected).)

Advanta's credit card agreement is a classic take-it-or-leave-it adhesion contract.  (Declaration of Ron Stern ("Stern Decl."), filed herewith, ¶ 4; Declaration of Jack Scalfani ("Scalfani Decl."), filed herewith, ¶ 4.)  The Court may review the agreement to assess its readability and conspicuousness, and search in vain for any sign of negotiability.  (*See* Fuller Decl. Exs. B & D.)  Further, material contract provisions are buried in small font in a multi-page booklet.  (*Id*.; Stern Decl. ¶ 4; Scalfani Decl. ¶ 4.)  For example, the arbitration provision, which includes the Class Action waiver, is the thirty-sixth and final provision included in the multi-page booklet of terms and conditions.  (*See, e.g.,* Fuller Decl. Ex. B § 36.)  For the Court's assistance, the Utah forum selection and choice of law clause quoted in Advanta's brief appears in section 31.  (*Id*. at § 31.)

Notably, material provisions of Advanta's terms and agreements, including the forum selection clause, *were not* included in the Summary of Credit Terms and Conditions to which Plaintiffs and the Plaintiff Class had access when they accepted Advanta's offer of fixed rate credit.  (Fuller Decl. Exs. A & C; Stern Decl. ¶ 3; Scalfani ¶ 3.)  Only *after* Plaintiffs had accepted the offer of credit and opened an account did Advanta provide complete statement of the terms and conditions, which included a forum selection clause, arbitration provision, and class action waiver within the arbitration provision.  (Fuller Decl. Exs. B & D; Stern Decl. ¶ 3; Scalfani ¶ 3.)  Due to the timing of the disclosure and its inconspicuousness, Plaintiffs were not  given adequate notice of the forum selection clause.

On July 17, 2009, Advanta filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1441(a).  (*See* Dkt. #1-4.)  To substantiate the sole jurisdictional basis for removal, the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711-1715 ("CAFA"), Advanta submitted evidence that it regularly conducts business throughout California.  (*See* Compl. ¶ 16.)  In fact, between June and April 2005 there were 14,643 fixed rate credit card accounts held by Californians for which Advanta increased the APR.  (Notice of Removal at 4:7-10; Mingala Removal Decl. ¶ 3.)  By Advanta's own calculation, those Californians paid Advanta over $8,000,000 in excess interest rates.  (Notice of

Removal at 4:17-19; Mingala Removal Decl. ¶ 3.)

Thus, Advanta's own evidence establishes that this case has strong ties to California and virtually no connection to Utah, where Advanta seeks to have it transferred.  Plaintiffs received the promotional offer in California, opened the accounts from their California business location, and conducted all transactions with Advanta from this state.  (Compl. ¶¶ 22-39.)  Further, the case is premised solely on California law and brought solely on behalf of California residents.  (Compl. ¶¶ 9-13, 16, 22-69.)

In contrast, Advanta's extensive declarations in support of removal and this motion do not identify a single Advanta employee or other witness who lives or works in Utah.  (*See generally* Epstein Decl. [Dkt. #10] ¶ 2; Plavner Decl. [Dkt. #11] ¶¶ 2-3.)  Although Advanta has some operations in Utah, Advanta has not provided the Court with any information to support the significance of those operations to this case, the identity of any Utah resident, the significance of his or her testimony to the action, any reason why Advanta would not be able to produce any such witness who did exist in California for trial, or any other reason why this case has any connection with Utah.  (*Id*.)  Advanta's key operations or employees may be in Pennsylvania, where the parent corporation is located and where Advanta directed Plaintiffs to remit their payments, or elsewhere.  (Plavner Decl. ¶ 3.)  The sole Utah connection is that Advanta Bank, a nationwide credit card provider, is chartered and has some offices there.  (*Id*. at ¶ 2.)

## III.   ARGUMENT

### A.   Advanta Is Not Entitled to Dismissal Because It Has Admitted that Venue Is Proper.

Advanta halfheartedly moves for dismissal under Rule 12(b)(3), which permits a defendant to assert the defense of improper venue by motion.  Advanta's sole argument is based on the forum selection clause embedded in the credit card agreements.  Advanta does not otherwise claim there is any defect in venue.  But Advanta, not Plaintiffs, laid venue here by removing Plaintiffs' action from Santa Clara County Superior Court.  Advanta cannot now attack the federal venue it chose.  The correct procedure is for Advanta to seek a discretionary transfer under 28 U.S.C. § 1404(a), not dismissal.

Advanta expressly alleged in its Notice of Removal that "Venue is proper under 28 U.S.C. § 1441(a) because the action has been pending in this district and division."  (Notice of Removal ¶ 22.)

5

1   Section 1441(a) specifies the correct venue for removal actions, such as this one:  "Except as otherwise

2   expressly provided by Act of Congress, any civil action brought in a State court of which the district

3   courts of the United States have original jurisdiction, may be removed by the defendant or the

4   defendants, *to the district court of the United States for the district and division embracing the place*

5   *where such action is pending*."  28 U.S.C. § 1441(a) (emphasis added).

6       The venue in this removed case thus is governed solely by section 1441(a).  *Polizzi v. Cowles*

7   *Magazines, Inc.*, 345 U.S. 663, 665 (1953).  In a removed action, "one may not challenge venue in the

8   district court as of right, according to that district court's venue rules, as if the case had originally been

9   brought there.  A party may nonetheless request a discretionary transfer to a more convenient district

10  forum under the transfer provision."  *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d

11  65, 72 (2nd Cir. 1998) (citing *Polizzi*, 345 U.S. at 665-66); *see also Kerobo v. Sw. Clean Fuels, Corp.*,

12  285 F.3d 531, 535 (6th Cir. 2002) (holding that there is only one federal venue into which a state court

13  action could be removed – the district court where the state court action was pending).

14      A Rule 12(b)(3) motion, therefore, does not lie to challenge venue in a removed action where the

15  defendant seeks dismissal based on a forum selection clause.  Although the Ninth Circuit has not yet

16  addressed this issue, the Sixth Circuit has held that dismissal based upon improper venue after removal

17  is improper.  *Kerobo*, 285 F.3d at 535; *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 n.8

18  (1988) (district court properly denied defendant's motion to dismiss based on improper venue because

19  defendant transacted business in the district in which the case was brought; the only issue was the

20  whether the forum selection clause required transfer of venue under section 1404(a)).

21      Moreover, the Supreme Court's decision in *Stewart Organization* compels this result.[2]  The

22  Supreme Court in *Stewart Organization* held that a forum selection clause is just one of potentially

23  several factors in a discretionary transfer under section 1404(a), and does not require mandatory

24  dismissal under section 1406(a):  "We hold that federal law, specifically 28 U.S.C. § 1404(a), governs

25

26      [2]      Plaintiffs acknowledge that the Ninth Circuit has ruled that a Rule 12(b)(3) motion is
    proper to challenge venue in non-removal cases where there is a forum selection clause.  However, the
27  Ninth Circuit has not considered whether consideration of a forum selection clause under Rule 12(b)(3)
    complies with the holding in *Stewart Organization*.  As explained, it does not.

28

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE                    CASE NO. 09-cv-03276-PVT

the District Court's decision *whether to give effect to the parties' forum-selection clause* and transfer this case to a court in Manhattan."  *Stewart Org., Inc.*, 487 U.S. at 32 (emphasis added, footnote omitted).

The Court also held that a forum selection clause does not require a district court to transfer an action to the contractually specified venue:

> Section 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs. . . .  It is conceivable in a particular case, for example, that because of these factors a district court acting under § 1404(a) would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause, whereas the coordinate state rule might dictate the opposite result. . . .  The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration (as Alabama law might have it), but rather the consideration for which Congress provided in § 1404(a).

*Stewart Org.,* 487 U.S. at 30-31 (citations and footnote omitted).  Under *Stewart Organization*, "whether to give effect to the parties' forum-selection clause" must be assessed in the discretionary matrix of section 1404(a) and not independently of the factors the Court is required to consider under that statute. *Id*. at 32.

This case is in this federal court by Advanta's choice, not Plaintiffs'.  Advanta could have raised the forum selection clause in state court and challenged jurisdiction or venue in the California state court system.  It chose not to do so.  Advanta instead chose to remove and lay venue here.  Advanta cannot now plead that the action *must* be dismissed from the forum.  Its only option is to convince the Court that it is entitled to a discretionary transfer under section 1404(a).

For these reasons, Advanta's Rule 12(b)(3) motion should be denied as improper.  The issue of the forum selection clause should be analyzed solely within the context of a transfer motion under section 1404(a).  As the below section demonstrates, Advanta has failed to establish that a discretionary transfer to Utah is warranted.

//
//
//
//

**B.** **This Court Should Exercise Its Discretion and Refuse to Transfer This Action Under 28 U.S.C. § 1404(a) Because All Factors Weigh Heavily In Favor of the California Forum Plaintiffs Chose.**

**1.** **Advanta Has the Burden of Proving that the Convenience of the Parties and Interest of Justice Require Transfer.**

In making the determination of whether to transfer a case, 28 U.S.C. § 1404(a) instructs courts to consider the convenience of the parties and witnesses and the interest of justice. 28 U.S.C. § 1404(a). In addition, the Ninth Circuit has found that several other factors may be considered, including the local interest in the controversy, the location where the relevant agreements were negotiated and executed, and the parties' contacts with forum. *Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498-99 (9th Cir. 2000) (although forum selection clause designated Pennsylvania, other factors "clearly" demonstrated that California was the more appropriate forum).

Advanta bears the burden of proving that the affirmative step of ordering a transfer is warranted. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1086 (N.D. Cal. 2008) (where only one factor weighed slightly in favor of transfer, defendant failed to meet its burden and the court refused to transfer the case). Specifically, Advanta must demonstrate that Utah would be a superior forum to this Court, taking into account all circumstances, including the convenience of the parties and witnesses and the interests of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient"). Transfer under 28 U.S.C. § 1404(a) is discretionary. If the Court concludes that Advanta's forum selection clause is unenforceable, the Court should eliminate it from consideration. If the Court concludes that the forum selection clause is or may be enforceable, the Court may still exercise discretion not to order a transfer based on a totality of circumstances, taking into account the convenience of parties and witnesses and the interests of justice. A district court can refuse to transfer a case notwithstanding a forum selection clause. *Stewart Org., 487 U.S. at 30-31.

**2.** **The Convenience of the Parties Weighs in Favor of Litigating this Case in California.**

Here, maintaining this case in California would manifestly be more convenient for the Plaintiffs, both of whom live in California and whom operate and must attend to small businesses. (Stern Decl.

8

1    ¶ 2; Scalfani Decl. ¶ 2.)

2         Plaintiffs' choice of forum is entitled to deference.  Unless the balance of factors "is strongly in

3    favor of the defendants, the plaintiff's choice of forum should rarely be disturbed."  *Securities Investor*

4    *Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985) (citation omitted); *see also Decker*

5    *Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("defendant must make a

6    strong showing . . . to warrant upsetting the plaintiff's choice of forum" (citation omitted)).  Here,

7    contrary to Advanta's assertion, the Court should not give less weight to Plaintiffs' choice of forum

8    simply because this case was filed as a class action.  *Cardoza v. T-Mobile USA Inc.*, 2009 WL 723843,

9    at *4 (N.D. Cal. Mar. 18, 2009).  In *nationwide* class actions, courts may afford less weight to the

10   plaintiff's choice of forum.  *See, e.g., Johns v. Panera Bread Co.*, 2008 WL 2811827, at *2 (N.D. Cal.

11   Jul. 21, 2008); *Italian Colors Rest. v. Am. Express*, 2003 WL 22682482, at *1 (N.D. Cal. Nov. 10,

12   2003).  Here, in contrast, Plaintiffs' putative class is limited to California consumers.  (*See* Compl. ¶ 40.)

13   Plaintiffs' choice of forum therefore is a significant consideration.

14        Advanta attempts to overcome this important consideration by claiming that convenience to

15   Plaintiffs is irrelevant because Plaintiffs entered into a contract which included a forum selection clause.

16   (Mot. at 10:1-9.)  As addressed in sections C.1. and C.2.(ii), below, even assuming it is enforceable, the

17   inclusion of a forum selection clause provision, buried in small print, with no opportunity to opt-out, in

18   the adhesion contract does not indicate that Utah was actually the forum of Plaintiffs' choice.  Further,

19   even an enforceable forum selection clause is only one factor in whether to transfer, which the court

20   must weigh against the other considerations, all of which lean heavily towards California.  *Stewart Org.,*

21   487 U.S. at 30-31.

22        As Plaintiffs recognized in selecting the forum of California, it would be illogical to litigate this

23   case, brought on behalf of California residents and premised on California law, in a state other than

24   California.

25              **3.      As the Majority of Witnesses Are Based in California, this Matter
                         Should Be Litigated There.**

26

27        Utah, Advanta's choice of forum, would be manifestly inconvenient for all members of the class.

28   The majority of the witnesses in this case will be putative class members.  By definition, these witnesses

1    will reside in California and operate small businesses.  Significantly, the convenience of the witnesses is

2    often the most important factor in deciding whether to transfer an action.  *Getz*, 547 F. Supp. 2d at 1084-

3    85 (citing *Bunker v. Union Pac. R.R. Co.*, 2006 WL 193856, at *2 (N.D. Cal. Jan. 23, 2006)).

4        Notably, Advanta has not indentified or established the materiality of a single witness from Utah,

5    the significance of a Utah witness' knowledge or testimony to a disputed issue in this case, or of any

6    hardship or inconvenience to such a witness, even assuming that he or she exists.  All Advanta has

7    offered is the blanket statement that its employees live in Utah, Pennsylvania, Delaware, New Jersey,

8    and other states.  (Plavner Decl. ¶¶ 2-3.)  While this may establish that Advanta employees live in states

9    other than California, it does not establish that Utah is a more convenient forum than California for the

10   litigation of this case.

11       Advanta's unsubstantiated claim that "the vast majority of the witnesses will be current or former

12   Advanta employees in Utah and in or around Pennsylvania, and current and former Advanta Corp.

13   employees in or around Pennsylvania and in other East Coast states," is unavailing.  (Mot. 10:12-15.)

14   The statement does not say whether this "vast majority" will be 1, 2, or 10 people.  Whatever the

15   number, Advanta also does not reveal the relevancy or significance of their testimony.   Finally, this

16   "vast majority" may be in Pennsylvania or other eastern states and not in Utah.  Advanta's own motion

17   is thus equivocal whether, if this case were transferred to Utah, several witnesses from Pennsylvania or

18   other states would have to be flown to the trial, and none from Utah.  Advanta's failure to establish the

19   convenience of Utah as a forum confirms that this motion has little to do with convenience and all to do

20   with preventing Plaintiffs' action from ever being certified as a class.

21       Realistically, Utah is no more convenient for many of Advanta's employees than California.

22   Advanta has submitted multiple declarations attesting to the fact that its business and business records

23   are spread throughout several states – not centralized in Utah.  (Epstein Decl. ¶ 2; Plavner Decl. ¶¶ 2-3.)

24   Thus, regardless of where this case is adjudicated, Advanta's employees will be required to travel.  Utah

25   is as inconvenient of a forum for these witnesses as it is for putative class member witnesses.

26       Accordingly, consideration of this factor weighs heavily in favor of non-transfer.

27   //

28   //

1

4.     **The Interest of Justice Militates that This Case Remain in California.**

2

This case has a clear and strong connection to California.  Advanta's motion conveniently

3

ignores that this case is a California-specific class action.  This is a critical factor, however, which can

4

not be simply brushed aside.  Plaintiffs are California residents, seeking redress, under California law,

5

for harm done to them in California, brought on behalf of their fellow California citizens.  Further,

6

California has an interest in resolving this issue, which alleges defrauding of over 14,000 residents out

7

of over $8 million.  (Notice of Removal at 4:7-19; Mingala Removal Decl. ¶ 3.)  If this case is

8

transferred to Utah, it would lead to the absurd result that California citizens are having their claims

9

adjudicated in a different state, with expertise in a different law, by judges and juries with no stake in the

10

outcome.

11

California has a compelling interest in applying the UCL to the transactions of defendants doing

12

business in its state:  the deterrence of unethical business conduct against California citizens.  *See, e.g.,*

13

*Fletcher v. Sec. Pac. Nat'l Bank*, 23 Cal. 3d 442, 451 (1979) (emphasizing that deterrence is a primary

14

objective of the UCL).  Transfer out of state is contrary to California's interest in controlling business

15

conduct within its borders because doing so would potentially condone violations of California law on

16

its own soil, as long a business can drag the citizens to an out-of-state forum.

17

Finally, the Court should take into account the interest of justice in providing 14,600

18

Californians with a day in Court against Advanta.  Maintaining the case in California assures that these

19

individuals will have access to class action procedures that are the only viable means for them to bring

20

this case.  Transferring the case to Utah is most likely the death knell of the case, where the class action

21

ban will be upheld in disregard of California policy and its residents' interest.

22

5.     **Additional Interests Weigh in Favor of California as the Forum.**

23

Advanta incorrectly suggests there are additional interests which weigh in favor transferring the

24

case to Utah.  (Mot. 11:1-14.)  In fact, Advanta offers no new or additional considerations, but merely

25

repeats its previous meritless arguments.  For example, Advanta restates its assertion that the location of

26

Advanta's books and records are in states other than California, including Pennsylvania and Utah,

27

should tip the scale towards transfer.  (*Id*.)  As previously addressed, Advanta has failed to demonstrate

28

that its records and witnesses are only located in Utah.  Further, because its records are certainly stored

11

1    electronically, the location of these documents has no bearing on where this case should be litigated.

2    Moreover, additional factors, in fact, weigh heavily towards California as the appropriate forum

3    for litigating this case. *Jones*, 211 F.3d at 498-99 (considering local interest in the controversy, the

4    location where the agreements were executed and the extent of the parties' contacts with the forum).

5    First, California has a significant stake in this controversy. Not only does it impact thousands of

6    residents, but also transferring the case out-of-state may allow a company doing business in California to

7    commit unfair business practices and retain the ill-gotten gains it took from Californians. Second, the

8    agreements were executed in California. And, finally, Plaintiffs have *no* contacts with Utah, while

9    Defendant, in contrast, conducts significant business in California.

   ### C.   The Forum Selection Clause is Unenforceable and is Therefore Not a Valid Basis for Dismissal or Transfer.

11   Even if this Court treats Advanta's motion as a proper motion for dismissal under Rule 12(b)(3),

12   dismissal is not warranted. The sole basis for dismissal is Advanta's unenforceable forum selection

13   clause. Unlike a Rule 12(b)(6) motion, in ruling on a motion to dismiss or transfer under Rule 12(b)(3),

14   this Court may consider facts outside of the pleadings, including the existence of reasons to deny

15   enforcement, such as uneven bargaining power and serious inconvenience to the parties. *Argueta v.*

16   *Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). However, the Court "must draw all reasonable

17   inferences . . . and resolve all factual conflicts in favor of the non-moving party," which, here, is

18   Plaintiffs. *Murphy v. Schneider Nat'l. Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

   ### 1.   As Plaintiffs' Were Not Given Reasonable Notice of the Forum Selection Clause, it is Unenforceable.

21   In order for the forum selection clause to be enforceable it must have been "reasonably

22   communicated" to Plaintiffs. *Dempsey v. Norwegian Cruise Line*, 972 F.2d 998, 999 (9th Cir.1992);

23   *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007) (denying jurisdiction

24   based solely on a forum selection clause where there was no evidence that the clause was properly

25   communicated); *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1291-92 (9th Cir. 2006) (where

26   misleading language in a forum selection clause resulted in a lack of notice to the plaintiff, the clause

27   was unenforceable). Establishing the reasonableness of a boilerplate contract provision is a two-pronged

28   inquiry, first examining "[f]eatures such as size of type, conspicuousness and clarity of notice on the

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE                    CASE NO. 09-cv-03276-PVT

1  face of the ticket, and the ease with which a passenger can read the provisions in question." *Deiro v.*

2  *Am. Airlines, Inc.*, 816 F.2d 1360, 1364 (9th Cir.1987) (quoting *Shankles v. Costa Armatori*, S.P.A., 722

3  F.2d 861, 864 (1st Cir. 1983)).  Second, a court looks at the entirety of circumstances surrounding the

4  entry of the contract, including the recipient's familiarity with the contract, the time and incentive to

5  study the provisions included in the contract and any other notice the individual may have received of

6  the provision, outside of the contract.  *Id.*

7       Here, the forum selection clause was included in a contract which Plaintiffs received only *after*

8  they accepted the offer from Advanta.  (Fuller Decl. Exs. B & D; Stern Decl. ¶ 3; Scalfani ¶ 3.)

9  Moreover, that notice did not reasonably communicate the forum selection clause to Plaintiffs because it

10  was included in a densely-worded document with boilerplate language and small font.  (Stern Decl. ¶ 4;

11  Scalfani Decl. ¶ 4; *see also* Fuller Decl. Exs. B & D.)

12       In contrast, in cases where an important limitation on a consumer's rights has been deemed valid,

13  the provision has been significantly more conspicuous.  For example, in *Dempsey*, the contract at issue

14  included the notation "Important Notice" in a bright red box at the bottom right-hand corner of each of

15  the first four pages.  *Dempsey*, 972 F.2d at 999.  The message contained in the box clearly informed the

16  recipient that he or she should read certain pages of the ticket that "affect important legal rights."  *Id.*;

17  s*ee, e.g.*, *Chan v. Society Expeditions, Inc*., 123 F.3d 1287, 1295 (9th Cir. 1997) (distinguishing

18  *Dempsey*).

19       Where, as here, Plaintiffs received only belated notice of the clause and then it was buried and

20  inconspicuous, the forum selection provision was not reasonably communicated and cannot be enforced.

21           **2.    Advanta's Forum Selection Clause is Unreasonable, and thus Unenforceable,**
           **Because It Contravenes California Public Policy.**

22

23       Forum selection clauses are unenforceable if they are unreasonable because "(1) [their]

24  incorporation into the contract was the result of fraud, undue influence, or overweening bargaining

25  power, . . . (2) the selected forum is so 'gravely difficult and inconvenient' that the complaining party

26  will 'for all practical purposes be deprived of its day in court,' . . . or (3) enforcement of the clause

27  would contravene a strong public policy of the forum in which the suit is brought."  *Argueta*, 87 F.3d at

28  325 (citations omitted).  Whether the forum selection clause is enforceable is committed to the sound

1    discretion of the court.  *Id.* at 323.

(i)    **Because Advanta's Arbitration Clause Purports to Be
Enforceable at Any Time, This Court Must Consider it.**

4         Advanta attempts to make an end-run around the fact that California public policy is violated if

5    its forum selection clause is enforced by claiming that because it has not yet elected to proceed through

6    arbitration (which, if enforced, would undeniably violate California public policy), this Court should not

7    consider this issue.  (Mot. 8:8-9.)  This arguments, fails, however, because Advanta's contract purports

8    to allow it to compel arbitration *at any time*.  Advanta's arbitration provision states, "[a]rbitration can be

9    elected at any time on any Claim, regardless of whether a lawsuit has been filed in court."  (Fuller Decl.

10   Ex. B at 1 & Ex. D at 1.)  In practical effect, Advanta could have this case transferred to Utah and the

11   next day, elect arbitration.  The waiver of class action remedies, as is found in Advanta's arbitration

12   agreement, is a violation of California public policy.  *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir.

13   2009).  Advanta could successfully transfer this case to Utah – by asserting that Plaintiffs' arguments

14   regarding its arbitration clause are premature – then upon transfer to Utah, immediately elect arbitration,

15   thus contravening a strong public policy of California and denying Plaintiffs their day in court.

16        Because Advanta could, and very likely would, attempt to compel Plaintiffs' claims to be

17   brought to arbitration and enforce a class action ban, an important public policy of California is violated.

18   Advanta's suggestion that it has shown restraint to-date in not compelling arbitration is irrelevant.

(ii)   **Advanta's Adhesion Contract Includes a Class Action Ban
That Violates California Public Policy.**

21        A forum selection clause which includes a class action ban "contravenes a strong public policy

22   of California-as applied to California residents who brought claims under California statutory consumer

23   law in California state court."  *AOL*, 552 F.3d at 1083; *Discover Bank v. Super. Ct.*, 36 Cal. 4th 148, 163

24   (2005) (class action waiver in a consumer credit cardholder agreement is unconscionable and contrary to

25   public policy of California); *see also Gentry v. Super. Ct.*, 42 Cal. 4th 443, 456-57 (2007); *Murphy v.

26   Check N'Go of Cal., Inc*., 156 Cal. App. 4th 138, 147 (2007); *Olivera v. El Pollo Loco, Inc.*, 173 Cal.

27   App. 4th 447, 457 (2009).

28        Advanta's arbitration provision includes a class action ban:

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE          CASE NO. 09-cv-03276-PVT

1

2

3

> There shall be no authority for any Claim to be arbitrated on a class action or representative basis or as a "private attorney general" matter, and any Arbitration under this Arbitration Provision may not consolidate or join claims of other persons no mater how similar they may be to your and/or our Claim(s).

4   (Fuller Decl. Ex. B at 1 & Ex. D at 1.)

5       Where a class action ban, such as Advanta's, "is found in a consumer contract of adhesion in a

6   setting in which disputes between the contracting parties predictably involve small amounts of damages,

7   and when it is alleged that the party with the superior bargaining power has carried out a scheme to

8   deliberately cheat large numbers of consumers out of individually small sums of money," that provision

9   operates as an exculpatory clause, which is contrary to California public policy and is unenforceable.

10  *Discover Bank*, 36 Cal. 4th at 163-64.

11      The California Supreme Court again reaffirmed the generally applicability of the public policy

12  against class action bans in *Gentry*, 42 Cal. 4th 443.  There, the Court held that a class action waiver in

13  an employment setting undermines the integrity of workers' rights to overtime pay:

14

15

16

17

> [S]uch a waiver can be exculpatory in practical terms because it can make it very difficult for those injured by unlawful conduct to pursue a legal remedy.  Gentry argues persuasively that class action waivers in wage and hour cases and overtime cases would have, at least frequently if not invariably, a similar exculpatory effect for several reasons, and would therefore undermine the enforcement of the statutory right to overtime pay.

18  *Id.* at 457.

19      Here, Advanta seeks to enforce a forum selection clause buried in a prolix, densely worded form

20  contract.  Advanta's credit card agreement is a classic adhesion contract, presented on a take-it-or-leave-

21  it basis in the context of a manifest inequality of bargaining power.  (*See* Stern Decl. ¶¶ 3-4; Scalfani

22  Decl. ¶¶ 3-4.)  Buried in this form is Advanta's forum selection clause and class action ban.  (*Id.*; *see*

23  *also* Fuller Decl. Exs. B & D.)

24      Advanta claims that *AOL* is distinguishable, reasoning that transfer to Virginia state courts,

25  where there is no class action procedure at all, is distinguishable from Utah, where class bans will be

26  enforced.  (Mot. 8:1-13.)  This vaunts form over substance and relegates California's public policy to a

27  nicety.  The *AOL* Court ruled that transfer to any forum (not just Virginia) where class actions are

28  banned is contrary to California policy.  *See AOL*, 552 F.3d at 1083.  Here, because Advanta's contract

15

purports to allow it to force Plaintiffs into arbitration at any time, transferring this case to Utah would lead to the exact same result as the *AOL* case found unacceptable:  Plaintiffs would be compelled to bring their case in a forum where class actions are banned.

Advanta further attempts to distance itself from the *AOL* Court by suggesting that it is only applicable to cases with Consumer Legal Remedies Act ("CLRA") claims.  (Mot. 7:19-27.)  Yet, the *AOL* Court's decision expressly holds that the CLRA is not the sole grounds on which it finds the forum selection clause violated California public policy.  *AOL*, 552 F.3d at 1083.  Additionally, Advanta's argument fails because in *Discover Bank*, the plaintiffs did not seek relief under the CLRA.  36 Cal. 4th at 160.  There, the California Supreme Court observed that "because '[a] company which wrongfully exacts a dollar from each of millions of customers will reap a handsome profit,' 'the class action is often the only effective way to halt and redress such exploitation.'"  *Id*. at 161 (citing *Linder v. Thrifty Oil Co.,* 23 Cal. 4th 429, 446 (2000)).  The Court held that where an adhesion contract and small amounts of money are involved, the class action ban violates California public policy.

In fact, this case presents this Court with precisely the same scenario as the *Discover Bank* and *AOL* courts faced.  And, significantly, both of those indistinguishable cases recognized California's policy against the waiver of class action remedies.  *AOL*, 552 F.3d at 1083; *Discover Bank*, 36 Cal. 4th at 163-64.  These case control the analysis here, and Advanta cannot reasonably argue otherwise.

As in *AOL*, *Discover Bank*, and *Gentry*, the damages of the members of the class are small.  There is no viable way for California Advanta customers to litigate or arbitrate their claims on an individualized basis.  Class treatment is essential for Advanta to be brought to account for its practices.  This provision of the contract unquestionably violates a fundamental, and well-established California policy.  Accordingly, because Advanta's contract purports to allow it to compel arbitration and thus ban this action as a class action at any time, this Court should refuse to dismiss or transfer this case.

>           **(iii)     Utah's Statute Validating Class Action Bans is Contrary to California Public Policy and Compels this Court to Deny Dismissal or Transfer.**

Utah's law is another reason the forum selection clause should be held unenforceable.  Utah has a statute that expressly validates class action bans.  Utah Code Annotated § 70C-4-105(1) provides:  "In accordance with this section, a creditor may contract with the debtor of an open-end consumer credit

1  contract for a waiver by the debtor of the right to initiate or participate in a class action related to the

2  open-end consumer credit contract."  By contrast, the California Supreme Court has expressly declared

3  class action waivers illegal as applied to small stakes class actions where the class action is the only

4  viable means of vindicating the rights of the class.  *Discover Bank*, 36 Cal. 4th at 163-64.

5       Enforcing the clause would undoubtedly result in the class action waiver being upheld under the

6  Utah statute.  Application of this Utah statute would contravene California public policy that the 14,643

7  Californians whom Advanta overcharged over $8,000,000 are entitled to their day in court.  Californians

8  will never be able to call Advanta to account if the Court enforces the forum selection clause and

9  transfers the case to Utah.  The transfer would work an unreasonable and unconscionable restriction on

10  justice in California and on the California courts; under *AOL* and *Discover Bank*, this Court should hold

11  that the forum selection clause is unenforceable.

12       This conclusion is well supported by the decision of the Third Circuit in *Homa v. Am. Express*

13  *Co.*, 558 F.3d 225 (3d Cir. 2009).  In that case, the plaintiff, a New Jersey resident, filed a class action in

14  New Jersey against a credit card issuer American Express Centurion Bank, which is, like Advanta Bank,

15  a Utah industrial bank.  558 F.3d at 227.  When the defendant attempted to enforce arbitration and the

16  arbitration class ban, the *Homa* Court held that the arbitration class action ban was unenforceable under

17  New Jersey law, even though the credit card agreement provided for Utah law, including Utah Code

18  Ann. § 70C-4-105(1).  The court ruled that because it was sitting in diversity jurisdiction, it was bound

19  to apply the choice of law rules of the forum state, New Jersey.  *Id.*  The court of appeal in *Homa*

20  "predict[ed]" that the Supreme Court of New Jersey would find that the class-arbitration waiver at issue

21  violates the fundamental public policy of New Jersey."  558 F.3d at 230-31 (citation omitted).

22       Just as the *Homa* Court found that application of the Utah class action waiver statute would

23  violate New Jersey's public policy, so enforcement of the Utah forum selection and the same Utah law

24  will  violate California's like public policy.  As in *Homa*, the forum state in this diversity action,

25  California, would not enforce the Utah choice of law provision in the Advanta customer agreement to

26  uphold the class action waiver.  California applies the same choice of law principles the court in *Homa*

27  applied as the law of New Jersey.  *Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal. 4th 459, 464-66 (1992)

28  (applying Restatement test and noting close relationship to enforceability of forum selection clauses);

17

1    *Cardonet, Inc. v. IBM Corp.*, 2007 WL 518909, at *3-4 (N.D. Cal. Feb. 14, 2007) (same).[3]

2               **(iv)    Utah Is a Gravely Difficult and Inconvenient Forum for Plaintiffs**

3                        **and the Class.**

4        For all of the reasons discussed in detail above in section B, the forum selection clause should

5  not be enforced because it is significantly inconvenient for the Plaintiffs and the class, and has no logical

6  connection to the transactions at issue, the class members or the law upon which the claims are made.

7        **D.    Plaintiffs Have Standing To Seek Injunctive And Declaratory Relief.**

8        Advanta's argument that Plaintiffs lack standing to seek injunctive and declaratory relief is

9  unsupported and must fail.  Plaintiffs adequately alleged continuing violations, while Advanta has not

10 demonstrated that they have ceased and can not and will not resume the alleged illegal practice.

11       Advanta asks the Court to strike Plaintiffs' claims for relief.  At this stage of the case, Plaintiffs

12 need only allege facts that, if proven, would warrant standing for injunctive and declaratory relief.  *See*

13 *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003); *see also Lujan v.*

14 *Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (noting that at pleadings stage, "general factual

15 allegations of injury resulting from the defendant's conduct may suffice" to demonstrate standing).

16 Additionally, the allegations in the complaint are viewed in the light most favorable to Plaintiffs.  *Mag*

17 *Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008).

18       Motions to strike pleadings are "regarded with disfavor because of the limited importance of

19 pleading in federal practice, and because they are often used as a delaying tactic," and therefore courts

20 often require a showing of prejudice by the moving party before granting the requested relief.  *Mag*

21 *Instrument, Inc.*, 595 F. Supp. 2d at 1106 (citation omitted).

22       To have standing to seek injunctive and declaratory relief, Plaintiffs must plead that they are

23 "threatened by a repetition of [the violation]."  *Armstrong v. Davis*, 275 F.3d 849, 860-61 (9th Cir.

24 2001) (citation and emphasis omitted).  Plaintiffs need only establish that there is a "reasonable

---

26     [3]    Because this Court should likewise apply California choice of law principles to determine the enforceability of the Utah choice of law provision in this case, the choice of law provision in the

27 Advanta agreement should be disregarded for the same public policy reasons that the court in *Homa* did. Thus, there is not a valid choice of law provision in the Advanta agreement.  (*See* Mot. 8 n.3.)

28

expectation that [the] conduct will recur, triggering the alleged harm; he need not show the recurrence is probable." *Truth v. Kent School Dist.*, 542 F.3d 634, 642 (9th Cir. 2008) (citation omitted).

Plaintiffs' Complaint includes allegations which establish a reasonable expectation that the harm is ongoing and may recur.  (Compl. ¶¶ 19, 21, 23-25, 34-36, 60, 61, 65-66, 68.)  At the pleading stage, these allegations are sufficient to establish standing to seek injunctive and declaratory relief.  Advanta asks this Court to make a huge assumption by asserting that because Plaintiffs' alleged that their accounts are closed, they are not suffering ongoing harm.  For example, although their accounts were closed, there is no allegation Plaintiffs no longer had outstanding balances.  (*See, e.g.,* Compl. ¶¶ 19, 21, 23, 25, 34-36.)  Significantly, Advanta cannot show, at the pleading stage, that this practice has no possibility of repetition or that there is no current and ongoing injury to class members.  Nor has Advanta proven that leaving these allegations in the complaint will cause it prejudice.

Additionally, Advanta's request to dismiss these allegations before Plaintiffs have had the opportunity to undertake discovery which can establish that the harm is likely to recur is entirely premature.  In order to demonstrate that an injury is likely to recur, a plaintiff may either show that "the defendant had, at the time of the injury, a written policy, and that the injury 'stems from' that policy," or "where the defendants have repeatedly engaged in the injurious acts in the past, there is a sufficient possibility that they will engage in them in the near future to satisfy the 'realistic repetition' requirement." *Armstrong*, 275 F.3d at 861.  Moreover, in a putative class action such as this one asserting widespread injuries, the likelihood of future injury is judged in light of those assertions.  *Id.*

Plaintiffs are not required to take Advanta's word on its face.  *See*, *e.g.*, *Truth*, 542 F.3d at 642 (where defendants argued plaintiffs could not seek injunctive and declaratory relief, court considered evidence of defendants' policies and practices at the summary judgment stage).  They are entitled to undertake discovery to determine the extent and nature of Advanta's policies related to its unilateral changes to the terms of its credit cards and to establish, as they anticipate, that Advanta had engaged in similar acts in the past.

Plaintiffs have properly pled a basis to seek injunctive and declaratory relief.  In contrast, Advanta has not shown that it has ceased the practice, is not causing ongoing injury to the class, and will not resume it again in the future.  As such, Advanta's argument that Plaintiffs lack standing to seek

19

1    injunctive and declaratory relief fails.

2    **IV.      CONCLUSION**

3            For the foregoing reasons, Plaintiffs respectfully submits that Defendants' Motion should be

4    denied in its entirety.

5

6                                                        Respectfully submitted,

7    DATED:   August 11, 2009
                                                         THE STURDEVANT LAW FIRM
8                                                        A Professional Corporation

9                                                        ARTHUR D. LEVY

10                                                  By:   /s/   *Whitney Huston*
                                                         WHITNEY HUSTON
11
                                                         Attorneys for Plaintiffs
12

13
     \\Sbserver\cases\442 - Stern v. Advanta\Pleadings\Mtn to Dismiss - Opp - FINAL.doc
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28