# Exhibit A



# STATE OF MINNESOTA
OFFICE OF THE ATTORNEY GENERAL

**LORI SWANSON**
ATTORNEY GENERAL

102 STATE CAPITOL
ST. PAUL, MN 55155
TELEPHONE: (651) 296-6196

**For Immediate Release**
July 19, 2009

**Contact:** Ben Wogsland at: (651) 296-2069
(612) 818-0965 (pager)

## NATIONAL ARBITRATION FORUM
## BARRED FROM CREDIT CARD AND CONSUMER ARBITRATIONS
## UNDER AGREEMENT WITH ATTORNEY GENERAL SWANSON
*Swanson Also Wants Congress to Ban "Fine Print" Forced Arbitration Clauses*

Minnesota Attorney General Lori Swanson and the National Arbitration Forum—the country's largest administrator of credit card and consumer collections arbitrations—have reached an agreement that the company would get out of the business of arbitrating credit card and other consumer collection disputes.

"I am very pleased with the settlement. To consumers, the company said it was impartial, but behind the scenes, it worked alongside credit card companies to get them to put unfair arbitration clauses in the fine print of their contracts and to appoint the Forum as the arbitrator. Now the company is out of this business," said Swanson.

Swanson sued the National Arbitration Forum on Tuesday, alleging that the company--which is named as the arbitrator of consumer disputes in tens of millions of credit card agreements--hid from the public its extensive ties to the collection industry. The lawsuit alleged that the Forum told consumers and the public that it is independent and neutral, operates like an impartial court system, and is not affiliated with and does not take sides between the parties. The lawsuit alleged that the Forum worked behind the scenes, however, to convince credit card companies and other creditors to insert arbitration provisions in their customer agreements and then appoint the Forum to decide the disputes. The suit also alleged that the Forum has financial ties to the collection industry. The suit alleged that the company arbitrated 214,000 consumer arbitration claims in 2006, nearly 60 percent of which were filed by laws firms with which the Forum is linked through ties to a New York hedge fund.

Under the settlement, the National Arbitration Forum will, by the end of the week, stop accepting any new consumer arbitrations or in any manner participate in the processing or administering of new consumer arbitrations. The company will permanently stop administering arbitrations involving consumer debt, including credit cards, consumer loans, telecommunications, utilities, health care, and consumer leases.

Credit card companies, banks, retail lenders, and cell phone companies increasingly place—in the fine print of their consumer agreements—what are known as "mandatory predispute arbitration clauses." Through these clauses, the consumers waive, in advance, their

right to have their day in court if a dispute arises. Instead, the consumer agrees—usually without knowing it—that any dispute will be resolved by an arbitrator selected by the credit card company or other creditor. Credit card companies are among the most prolific users of mandatory arbitration clauses. Just by keeping a credit card, the consumer agrees to the terms and conditions of the card, even if the arbitration provision was sent to the consumer after the card was issued. As a result of mandatory arbitration clauses, which appear in tens of millions of consumer agreements, hundreds of thousands of consumer disputes are resolved each year not by a judge or jury, but by a private arbitration system.

Swanson said that late this week she accepted an invitation from Congressman Dennis Kucinich, Chairman of the Congressional Committee on Oversight and Government Reform, to testify before the Committee this coming Wednesday in Washington, D.C. She said she will ask Congress to prohibit the use of mandatory pre-dispute arbitration clauses in consumer contracts.

"The playing field is tilted against the ordinary consumer when credit card companies bury unfair terms like forced arbitration clauses in fine print contacts. Congress should change that," said Swanson.

Swanson also announced that she sent a letter to the American Arbitration Association asking it to play a leadership role by ceasing to accept arbitration filings on consumer credit and collection matters arising out of mandatory pre-dispute arbitration clauses.

Swanson noted that the City of San Francisco is in litigation with the Forum and that other state Attorneys General have contacted her about these issues since the announcement of the lawsuit. "I am very pleased with the results of our lawsuit. It is good for consumers that this company will no longer be able to administer credit card and consumer debt collection arbitrations. I hope other jurisdictions will use whatever authority they have to look at other possible remedial relief in this area," said Swanson.

The settlement allows the Company to continue to arbitrate internet domain name disputes (which the company handles under an appointment from the Internet Corporation for Assigned Names and Numbers (ICANN)), personal injury protection claims (which the company performs under appointment and supervision under the New Jersey state government), and cargo disputes (which the company performs under rules established by the U.S. Department of Transportation). These areas were not part of the lawsuit, and the company performs the work under the supervision of government or non-government organizations (NGOs). Accordingly, the settlement does not affect this very limited activity.

The Consent Decree and amendatory letter are attached.

--30--

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Case Type: Other Civil
(Consumer Protection)

State of Minnesota by its Attorney General,
Lori Swanson,

Court File No. 27-CV-09-18550
Judge John L. Holahan

            Plaintiff,

vs.

**CONSENT JUDGMENT**

National Arbitration Forum, Inc.,
National Arbitration Forum, LLC, and
Dispute Management Services, LLC, d/b/a
Forthright,

            Defendants.

WHEREAS, Plaintiff State of Minnesota, by and through its Attorney General, Lori Swanson ("State"), filed a Complaint in this matter on July 14, 2009 ("Complaint") against National Arbitration Forum, Inc., National Arbitration Forum, LLC, and Dispute Management Services, LLC, d/b/a Forthright (hereinafter, collectively, the "NAF Entities") (the State, and the NAF entities are hereinafter collectively referred to as the "Parties");

WHEREAS, this Consent Judgment shall not be construed as an admission of wrongdoing or liability by the NAF Entities;

NOW, THEREFORE, in the interest of resolving this action, the State and the NAF Entities hereby stipulate and consent to entry of this Consent Judgment, as set forth below:

1.      The purpose of this Consent Judgment is to require the complete divestiture by the NAF Entities of any business related to the arbitration of consumer disputes.

2. The term "Consumer Arbitration" means any arbitration involving a dispute between a business entity and a private individual which relates to goods, services, or property of any kind allegedly provided by any business entity to the individual, or payment for such goods, services, or property. The term includes any claim by a third party debt buyer against a private individual. It does not include, however, the arbitration of internet domain name disputes on behalf of the Internet Corporation for Assigned Names and Numbers (ICANN), the processing of personal injury protection (PIP) disputes, the processing of shipping or storage disputes under 49 CFR § 375.211, or arbitrations where a NAF Entity is appointed and supervised by a government entity.

3. On or after July 24, 2009, no NAF Entity shall:

   a. Accept any fee for processing any new Consumer Arbitration.

   b. Administer or process any new Consumer Arbitration.

   c. In any manner participate in any new Consumer Arbitration.

   d. Attempt to influence the outcome of any arbitration proceeding currently pending before it.

4. The NAF Entities shall not engage in any deceptive practices, or make any false or misleading statements, in violation of Minn. Stat. §§ 325F.69, subd. 1; 325D.44, subd. 1; and 325F.67.

5. The NAF Entities shall pay investigative costs to the State of Minnesota within ten days of the date this Consent Judgment is signed. Notwithstanding this payment, the NAF Entities shall also pay the State of Minnesota an amount equal to any amount paid to the City of San Francisco over the next six months, in excess of the City's actual investigative expenses and attorneys' fees.

2

6. The Parties have read this Consent Judgment and voluntarily agree to its entry.

7. In consideration of the stipulated relief, the sufficiency of which is acknowledged, the Office of the Attorney General, by execution of this Consent Judgment, hereby fully and completely releases the NAF Entities, including all of their past and present agents, employees, officers, directors, subsidiaries, shareholders, and affiliates, of any and all claims of the Attorney General connected with or arising out of the allegations in the State's Complaint in the above-captioned action, up to and including the date of this Consent Judgment.

8. Promptly after receiving notice that the Court executes this Consent Judgment, the State shall voluntarily dismiss the above-captioned action pursuant to Minnesota Rule of Civil Procedure 41.01(a).

9. The Parties shall cooperate to implement and facilitate this Consent Judgment, including the exchange of information reasonably necessary for that purpose or to confirm the NAF Entities' compliance with this Consent Judgment.

10. Any failure by any Party to this Consent Judgment to insist on performance by any other Party of any provision of this Consent Judgment shall not be deemed a waiver of any of the provisions included herein.

11. The Parties agree to bear their own costs and fees in this matter.

12. Each Party participated in the drafting of this Consent Judgment, and each agrees that the Consent Judgment's terms may not be construed against or in favor of any Party by virtue of draftsmanship. Each signatory further agrees they have authority to enter into this Consent Judgment.

13. This Consent Judgment, including any issues relating to interpretation or enforcement, shall be governed by the laws of Minnesota. The Court shall retain jurisdiction over this matter to enforce the terms of this Consent Judgment.

Dated: 7/17/09

National Arbitration Forum, Inc.
By: _____
Its _____

Dated: 7/17/09

National Arbitration Forum, LLC
By: _____
Its _____

Dated: 7/17/09

Dispute Management Services, LLC, d/b/a Forthright
By: _____
Its  CEO

Dated: 7/17/09

LORI SWANSON
ATTORNEY GENERAL
STATE OF MINNESOTA

_____
Lori Swanson


IT IS SO ORDERED.

Dated:_____

BY THE COURT:

_____
John L. Holahan
Hennepin County District Court Judge

LET JUDGMENT BE ENTERED ACCORDINGLY.

4

July 17, 2009

Edward Anderson
Chairman of the Board
National Arbitration Forum, Inc.

Re:   **Consent Judgment Between the State of Minnesota, by its Attorney General, Lori Swanson, and the National Arbitration Forum, Inc., National Arbitration Forum, LLC, and Dispute Management Services, LLC d/b/a Forthright dated July 17, 2009**

If, after two years (or one year, if special master Short concludes that such early modification will be in the interests of justice), a signatory to the Consent Judgment believes that consumers will not be harmed by a modification of this Consent Judgment, a signatory may petition former federal Magistrate Judge Brian Short for a determination that consumers will not be harmed as a result of the modification. If Mr. Short makes such a determination, this consent judgment may be modified. In no event shall this Consent Judgment be modified to allow a signatory to administer or process, or in any manner participate in the administration or processing of, arbitrations involving an individual consumer and business entity where the underlying dispute involves consumer debt (including debt bought or acquired by third parties), credit cards, consumer loans, telecommunications services, utilities, health care services, or consumer leases.

Sincerely,

LORI SWANSON
Attorney General