1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   RON STERN, et al.,                  )        Case No.: C 09-3276 PVT
                                         )
13                Plaintiffs,            )        **ORDER Granting Defendants'**
                                         )        **Motion to Dismiss and Strike, or in**
14        v.                             )        **the Alternative, to Transfer to the**
                                         )        **District of Utah**
15   ADVANTA BANK CORP., et al.,         )
                                         )
16                Defendants.            )
     _____)

17

18        On October 13, 2009, the parties appeared before Magistrate Judge Patricia V. Trumbull for

19   hearing on Defendants' Motion to Dismiss and Strike, or in the Alternative, to Transfer to the

20   District of Utah.  Based on the briefs and arguments presented,

21        IT IS HEREBY ORDERED that Defendants' motion is GRANTED because the forum

22   selection clause contained in the parties' agreements is presumptively valid and Plaintiffs have not

23   shown that it would be unreasonable or unjust to enforce it under the present circumstances.  No

24   later than March 30, 2010, the parties may file a joint or separate supplemental brief(s) addressing

25   the issue of whether the case should be dismissed without prejudice to Plaintiffs re-filing in either

26   state or federal court in Utah, or else transferred to a district court in Utah.

27

28

ORDER, *page 1*

**I.    FACTUAL AND PROCEDURAL BACKGROUND[1]**

Defendant Advanta Bank Corp. ("Advanta") is a Utah company with a principal place of business in Utah.  Advanta offers business-purpose credit cards to small businesses ("Business Card Accounts") nationally.

California residents, Plaintiffs Ron Stern and Jack Scalfani (collectively "Plaintiffs") each applied for, obtained and used Business Card Accounts from Advanta.  As part of the application process Plaintiffs were required to certify to Advanta that they had read and agreed to the summary terms and conditions that were provided to them at the time.  Each of the summary terms and conditions the Plaintiffs received stated that, by submitting an application for a card, the applicant:

> "agrees for him/herself individually and on behalf of the Business to be bound by the terms and conditions of the Advanta Business Card Agreement (the 'Card Agreement') which, if and when issued, will be mailed with one or more requested credit cards."  *See* Fuller Decl.,[2] Exhs. A & C.

The summary terms and conditions also stated, in bold type, that:

> "Advanta Business Cards are issued by Advanta Bank Corp., Member FDIC, pursuant to an Advanta Business Card Agreement.  The Platinum BusinessCard is a MasterCard Executive BusinessCard.  While the rates, indexes, margins, fees, and other account terms described here are typical of those recently offered and in effect on Advanta Business Cards and are expected to apply to your account, your account terms will be in every instance determined by us and reflected in your Card Agreement.  Your Card Agreement also contains an arbitration provision, which replaces the right to have claims heard in court by a jury and also precludes participation in class actions.  All of your account terms are subject to change. . . . All changes to your account terms (including rates) will be made in accordance with your Card Agreement, which you should read carefully and retain."  *See* Fuller Decl., Exhs. A & C.

Advanta mailed a copy of the Advanta Business Card Agreement (the "Card Agreement") to Stern and Scalfani when it issued their credit cards.  The very first paragraph of the Card Agreement states that:

> "By accepting or using an Advanta Business Card or an Advanta Business Card Account, you are agreeing to everything written in this Agreement. Your use of the Card, the Account and any Account service or product is governed by this Agreement

---

[1]    The facts stated herein are based on the parties' respective statements of fact and supporting declarations.

[2]    As used herein, "Fuller Decl." refers to the Declaration of Christina Fuller in Support of Defendants' Motion to Dismiss and Strike, or in the Alternative, to Transfer to the District of Utah (docket no. 8).

. . . ."

The first numbered paragraph of the terms and conditions sent to the Plaintiffs with their Advanta Business Cards provides:

> 1.  ACCOUNT ACTIVATION: This Account is established to enable you to obtain goods and services from businesses and other venders (other than the Business) that honor Cards and Convenience Checks; to request Balance Transfers from other business-purpose accounts; and to receive Cash Advances through participating ATMs; financial institutions and other establishments authorized to process and grant Cash Advances.  FOR YOUR AND OUR MUTUAL CONVENIENCE, WE HAVE OPENED THIS ACCOUNT AND ISSUED CARDS AND CONVENIENCE CHECKS TO YOU WITHOUT GETTING THIS AGREEMENT SIGNED BY YOU. WE ARE SENDING YOU A COPY OF THIS AGREEMENT FOR YOUR REVIEW UPON THE OPENING AND/OR CONTINUED USE OF THE ACCOUNT AND FOR YOUR RECORDS. WE HAVE GIVEN YOU AN OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH US BEFORE YOU USE THE ACCOUNT. YOU AUTOMATICALLY ACCEPT AND AGREE TO THE TERMS OF THIS AGREEMENT BY MAKING A PURCHASE, WRITING A CHECK, REQUESTING A BALANCE TRANSFER, TAKING A CASH ADVANCE OR OTHERWISE USING THE CREDIT OFFERED ON THE ACCOUNT, EVEN THOUGH THIS AGREEMENT WILL NOT BE SIGNED BY YOU. IF YOU DO NOT WISH TO BE BOUND BY THIS AGREEMENT OR TO ACTIVATE THE ACCOUNT, CUT YOUR CARD IN HALF AND RETURN IT TO US AT OUR ADDRESS SHOWN IN PARAGRAPH 5.

Advanta used the same Agreement for all of its customers, regardless of the customer's domicile.  One of the terms of the Agreement is a forum selection clause requiring any party that files a lawsuit pertaining to the Advanta Business Card account to sue only in Utah:

> "31.  CONTROLLING LAW AND JURISDICTION. This Agreement shall be governed solely by and interpreted entirely in accordance with the laws of the State of Utah, … regardless of where you reside or where the Business is located. We process the Account application, make the decision to open the Account and advance credit for you from our Utah offices…. YOU CONSENT TO PERSONAL JURISDICTION IN THE STATE AND FEDERAL COURTS IN UTAH AND AGREE THAT ANY LAWSUIT PERTAINING TO THE ACCOUNT MUST BE BROUGHT ONLY IN SUCH COURTS IN UTAH, REGARDLESS OF WHO FILES THE SUIT, AND MAY BE MAINTAINED ONLY IN THOSE COURTS UNLESS AND UNTIL ANY PARTY ELECTS ARBITRATION PURSUANT TO THE ARBITRATION PROVISION IN THIS AGREEMENT."

Advanta mailed plaintiff Scalfani (GiveMe Entertainment) an amended Agreement on March 13, 2007, and immediately above the salutation on the cover letter informed him that the new Agreement "CONTAIN[ED] IMPORTANT ACCOUNT INFORMATION AND MODIFIE[D] THE TERMS OF YOUR ADVANTA ACCOUNT."  The letter further stated: "Please take the time to read this material carefully, including the notice printed at the bottom of the back of this letter."

1   That notice reads: "If you choose not to accept these modified account terms, you must send a

2   signed written notice to that effect . . . ." The 2007 version of the Agreement revised the language

3   of the forum selection clause, but remained substantively the same:

5   "We are a bank chartered by and located in the State of Utah. This Agreement shall be
    governed solely by and interpreted entirely in accordance with the law of the State of
    Utah . . . regardless of where you reside. . . . YOU CONSENT TO PERSONAL
6   JURISDICTION IN THE STATE AND FEDERAL COURTS IN UTAH AND
    AGREE THAT ANY LAWSUIT PERTAINING TO THE ACCOUNT MUST BE
7   BROUGHT ONLY IN SUCH COURTS IN UTAH . . . ."

8   Advanta mailed a similar letter to plaintiff Stern (Bay Area Rentals, Inc.) on June 15, 2007,

9   and included a copy of the amended Agreement in that letter as well. In the first quarter of 2008,

10  Advanta mailed Plaintiffs another notice amending the operative Advanta Agreement. The

11  amendment did not modify the forum selection clause.

12  Advanta's credit card agreement is offered on a take-it-or-leave-it basis.[3] The multi-page

13  booklet that contains the contractual provisions uses a relatively small font. The forum selection

14  provision is the thirty-first provision of the terms and conditions. The arbitration provision, which

15  includes a class action waiver, is the thirty-sixth and final provision of terms and conditions. The

16  forum selection clause was not included in a summary terms and conditions that were provided to

17  Plaintiffs before they applied for the Advanta business credit cards.

18  Plaintiffs filed this case in Santa Clara County Superior Court seeking, to represent a class of

19  California Advanta customers to whom Advanta allegedly promised fixed "life of the card" credit

20  card interest rates. On behalf of the California class, Plaintiffs seek to challenge Advanta's alleged

21  practice, starting in mid-2008, of substantially raising its interest rates.

22  The Complaint alleges three California causes of action: breach of contract, violation of the

23  California Unfair Competition Law, Cal. Bus. & Prof. Code section 17200 et seq., and violation of

24  the California False Advertising Law, Cal. Bus. & Prof. Code section 17500 et seq.

25  After removing the action to federal court, Defendants filed the present Motion to Dismiss

26  and Strike, or in the Alternative, to Transfer to the District of Utah.

27

28      [3]      Defendants' claim Plaintiffs had an opportunity to discuss their accounts with Defendants
    before activating them. For purposes of this motion, the court will assume without deciding that the
    agreements were non-negotiable adhesion contracts.

ORDER, *page 4*

1        **II.    LEGAL STANDARDS**

2            In the Ninth Circuit, a motion to dismiss based on a forum selection clause is treated as a

3    Rule 12(b)(3) motion to dismiss for improper venue.   *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081

4    (9th Cir. 2009).  In ruling on such a motion the court need not accept all allegations as true, and

5    instead may consider facts outside of the pleadings. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d

6    320, 324 (9th Cir. 1996).   The court must, however, "draw all reasonable inferences in favor of the

7    non-moving party and resolve all factual conflicts in favor of the non-moving party."  *See Murphy v.*

8    *Schneider Nat'l. Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

9            Forum selection clauses are "prima facie valid and should be enforced unless enforcement is

10   shown by the resisting party to be 'unreasonable' under the circumstances."  *See M/S Bremen  v.*

11   *Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972), citing *National Equipment Rental, Ltd. v. Szukhent*,

12   375 U.S. 311, 315-16 (1964) (noting it was settled law that "parties to a contract may agree in

13   advance to submit to the jurisdiction of a given court").  The party challenging a forum selection

14   clause must "clearly show that enforcement would be unreasonable and unjust, or that the clause was

15   invalid for such reasons as fraud or over-reaching." *Id*. at 315, 317 & 319.  To establish the

16   unreasonableness of a forum selection clause, a plaintiff has a "heavy burden of showing that trial in

17   the chosen forum would be so difficult and inconvenient that the party would effectively be denied a

18   meaningful day in court."  *See Argueta*, 87 F.3d at 325.

19           Although the *Bremen* case involved an international forum selection clause, the *Bremen*

20   standard also applies in cases involving domestic forum selection clauses.  *See, e.g., Pelleport*

21   *Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273 (9th Cir.1984) (overruled on other

22   grounds, *Powerex Corp. v. Reliant Energy Svcs.*, 551 U.S. 224, 235-36 (2007)).

23           In the *consumer* credit context, California has found class action waivers to be contrary to

24   public policy.  *See Discover Bank v. Super. Ct.*, 36 Cal.4th 148, 163 (2005).  However, not all class

25   action waivers are unconscionable and contrary to public policy under California law.  *Id*. at 162

26   ("We do not hold that all class action waivers are necessarily unconscionable").

27

28       **III.    DISCUSSION**

Pursuant to long-standing Supreme Court precedent, forum selection clauses are presumptively valid.  *See Bremen*, 407 U.S. at 315-19.  Plaintiffs have not met their heavy burden of showing that enforcement of the forum selection clause in the present case would be "unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching."  *Ibid*.

### A.    Plaintiffs Have Not Shown They Did Not Have Reasonable Notice of the Forum Selection Clause

Plaintiffs are business owners who applied for and obtained business credit cards from Advanta.  In applying for the cards, they each agreed to summary terms and conditions that were provided to them by Advanta, which included an agreement to be bound by the terms and conditions that would be sent to them with their credit cards.  The summary terms and conditions explained at length that the actual terms and conditions that would be offered with the cards might be different from those set forth in the summary terms and conditions, and that the terms and conditions actually offered with the credit cards could be unilaterally changed at any time.

The terms and conditions sent to Plaintiffs along with their credit cards clearly advised Plaintiffs that their use of the cards was subject to their agreement to the terms and conditions set forth therein.  The forum selection clause is set forth clearly in all capital letters.  In light of the fact that the previously provided summary terms and conditions emphasized that the actual terms and conditions might be *different* that the summary terms and conditions, it would not have been reasonable for Plaintiffs to assume that there was nothing new to see in the actual terms and conditions sent to them with their cards.

Despite having submitted declarations, neither Plaintiff states he did not see the forum selection clause.  While the court must draw all reasonable inferences and resolve all factual conflicts in favor of Plaintiffs (*See Murphy*, 362 F.3d at 1138), there is nothing in the record to support an inference that Plaintiffs did not at least glance over the terms and conditions for their business credit cards.

Regardless of whether Plaintiffs actually saw the forum selection clause before using their credit cards, the notice Advanta provided was reasonable.

1

2

**B.      Plaintiffs Have Not Shown that the Forum Selection Clause
Contravenes California Public Policy**

3      Plaintiffs argue that the forum selection clause contravenes California public policy because

4 the agreement also includes an provision that would allow Advanta to elect arbitration, and the

5 arbitration provision bars class actions.  Plaintiffs argue that if the case is required to go forward in

6 Utah, Advanta could elect arbitration at any time and effectively eliminate Plaintiffs' ability to

7 prosecute this case as a class action because Utah law allows class action waivers.  Plaintiffs claim

8 such a result would violate a California public policy *against* class action waivers.

9      The credit card case relied on by Plaintiffs involved consumer credit cards, not business

10 credit cards.  *See Discover Bank v. Super. Ct.*, 36 Cal.4th 148, 163 (2005).  Neither party has cited,

11 and the court has not found, any California case addressing a class action waiver in the commercial

12 credit context.  And it appears that California draws a sharp distinction in the protections available to

13 consumer and business credit card holders:  "A cardholder may not have it both ways, apply for and

14 receive a business credit card * * * * and expect to receive consumer protection."  *See Martin v.*

15 *Wells Fargo Bank*, 91 Cal.App.4th 489, 499 (2001).

16      In any event, Advanta has stipulated that it will not seek to arbitrate Plaintiffs' claims, and

17 that the case may go forward in either state or federal court in Utah, both of which allow class

18 actions.  Thus, even if there were a California public policy against class action waivers in

19 commercial credit agreements, enforcement of the forum selection clause in this case would not

20 contravene that public policy.

21

22

**C.      Plaintiffs Have Not Shown That Utah Is a Gravely Difficult and
Inconvenient Forum for Plaintiffs and the Class**

23      Plaintiffs have not shown that litigating this case in Utah would be so inconvenient that they

24 would "effectively be denied a meaningful day in court."  *See Argueta*, 87 F.3d at 325 (finding that

25 past persecution of the plaintiff in Mexico and his fear of future persecution if he returned there was

26 insufficient to render unreasonable a forum selection clause designating Mexico as the forum).

27 "[N]either severe physical limitation nor economic hardship alone is generally enough" to render a

28 forum so gravely inconvenient as to warrant invalidating a forum selection clause.  *See Pratt v.*

*Silversea Cruises, Ltd., Inc.*, 2005 WL 1656891 *3 (N.D.Cal. July 13, 2005).  Here, Plaintiffs have not claimed either physical limitation or economic hardship, much less shown both.  And as other courts have noted, technology has made physical proximity to the courthouse less essential than it use to be.  *See ibid.* ("in civil case, a plaintiff may pursue a claim without appearing in court in person"); *Chudner v. TransUnion Interactive, Inc.*, 626 F.Supp.2d 1084, 1091 (D.Or. 2009) ("a substantial portion of litigation can take place anywhere a party has access to the Internet"); *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 11 (2nd Cir. 1995) ("a plaintiff may have his 'day in court' without ever setting foot in a courtroom").

## IV.  CONCLUSION

Plaintiffs applied for business credit cards from a Utah bank.  They were on notice that the terms and conditions would be sent to them along with the credit cards, and that the terms might be substantively different than the advertised terms.  The terms and conditions in the Card Agreements that were sent to Plaintiffs clearly stated that use of the cards constituted agreement to all terms set forth therein.  The forum selection clause was clearly stated and set forth in all capital letters.  There is nothing inherently unreasonable or unconscionable about the forum selection clause as it appears in the Card Agreements.

Because Plaintiffs have not shown that enforcement of the forum selection clause would be unreasonable or unjust under the present circumstances, the court must enforce it.  *See Bremen*, 407 U.S. at 315-19.

Dated: *March 18, 2010*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge